UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.P., a minor, by and through her guardian, CARLOS PENA, and CARLOS PENA, each individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CERENCE INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:23-cv-2667 |

**NOTICE OF REMOVAL**

Defendant Cerence Inc. ("Cerence"), hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because the purported class size exceeds 100, minimal diversity exists, and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441; 1446; 1332(d); and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.    State Court Action**

On March 24, 2023, Plaintiffs A.P., a minor, by and through her guardian, Carlos Pena, and Carlos Pena ("Plaintiffs") filed a putative class action complaint ("Complaint") against Cerence in the Circuit Court of Cook County, Illinois, No. 2023CH02866. Cerence was served a copy of the Complaint and Summons on March 30, 2023. (*See* Ex. A.)

Plaintiffs allege Cerence violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by "collect[ing], captur[ing], and stor[ing] the unique voiceprint biometrics of every individual who interacts with Cerence's voice assistant technology." (Ex. A, Compl.

¶¶ 23–24.) Plaintiffs "carpooled to locations in Cook County, Illinois in a relative's Volkswagen … and activated the automobile's AI voice assistant" powered by Cerence's software. (*Id*. ¶¶ 35–37.)

Plaintiffs attempt to bring four claims under BIPA on behalf of themselves and a putative class.[1] They allege that Cerence violated BIPA Section 15(a) by "fail[ing] to make publicly available any policy addressing its biometric retention and destruction practices." (*Id*. ¶ 55.) Plaintiffs also allege that Cerence violated BIPA Section 15(b) by "capturing, collecting, storing, and using the biometrics of Plaintiffs and the Class members" but failing "to inform Plaintiffs and the members of the Class in writing that their biometrics were being collected and stored," "of the specific purpose for which their biometrics were being captured, collected, stored, and used," and of "the specific length of term their biometrics were being captured, collected, stored, and used," and by "fail[ing] to obtain a written release." (*Id*. ¶ 66.) Plaintiffs further allege that Cerence violated BIPA Section 15(c) by "profit[ing] from the biometrics it obtained from Plaintiffs and the other Class members." (*Id*. ¶ 76.) Lastly, Plaintiffs allege that Cerence violated BIPA Section 15(d) by "disclos[ing] or otherwise disseminat[ing] the biometrics of Plaintiffs and the Class members to third party companies" without consent. (*Id*. ¶¶ 86–87.) Plaintiffs seek an order declaring that Cerence violated BIPA and awarding injunctive relief, attorneys' fees and costs, and statutory damages of $1,000 "for each negligent violation" or $5,000 for each "willful and/or reckless violation." (*Id*. at 20–21 (Prayer For Relief).)

---

[1] Cerence denies that it collects biometric data defined by BIPA, denies that BIPA can be separated into claims, and denies that class treatment is warranted or appropriate. Nevertheless, removal is based on the allegations in the lawsuit, not Cerence's ultimate response to those allegations. As set forth below, the allegations of this lawsuit satisfy the CAFA jurisdictional threshold.

## II. Removal Is Proper Under CAFA.

This Court has jurisdiction under CAFA because the lawsuit is a purported "class action," (Ex. A, Compl. ¶¶ 43–50), in which (A) the putative class size exceeds 100 persons; (B) minimal diversity exists; and (C) the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2), (d)(5)(B) (listing requirements for removal under CAFA); and 1441 (permitting removal).

### A. The Putative Class Includes More Than 100 Members.

To be removable under CAFA, a purported class action must include at least 100 putative members. 28 U.S.C. § 1332(d)(5)(B). The class size here is appropriate for removal because Plaintiffs allege "there are thousands of members of the Class." (Ex. A, Compl. ¶ 45.)

### B. Minimal Diversity Exists.

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiffs are citizens of Illinois. (Ex. A, Compl. ¶ 4.) Cerence is a citizen of the states where it is incorporated and where its principal place of business is located, which are Delaware and Massachusetts. *See* 28 U.S.C. § 1332(c)(1). Thus, the parties are diverse.

### C. The Amount in Controversy Exceeds $5,000,000.

For removal, CAFA requires the amount in controversy to "exceed[] the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2). To determine whether the amount in controversy is met, "the claims of the individual [purported] class members shall be aggregated[.]" *Id*. § 1332(d)(6).

Plaintiffs seek to represent a class of persons of "[a]ll persons whose voiceprint biometric identifiers or biometric information were collected, captured, stored, disseminated, transmitted or otherwise used by Cerence Inc. through the Cerence Drive platform within the state of Illinois any

3

time within the applicable limitations period." (Ex. A, Compl. ¶ 43.) They assert four types of alleged BIPA violations and seeks statutory damages up to $5,000 for "each" violation per class member. (*Id*. at 21 (Prayer For Relief).) In other words, Plaintiffs are seeking damages of at least $20,000 for each of the "thousands" of putative class members. (*Id*. ¶ 45.) This action would therefore surpass the $5,000,000 threshold with just 251 putative class members. (Alternatively, the action would surpass the $5,000,000 threshold even if the "thousands" of class members asserted just one type of BIPA violation, because 1,000 x $5,000 is $5,000,000.)

Accordingly, the Complaint readily satisfies the required amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 … the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").[2]

### III. The Procedural Requirements for Removal Have Been Satisfied.

This notice is timely. Cerence was served a copy of the Complaint and Summons on March 30, 2023, (Ex. A), and files this Notice of Removal on April 28, 2023. *See* 28 U.S.C. § 1446(b) (requiring defendant to file notice of removal within 30 days after receipt of initial pleading). This notice includes all records in the state court action. *See id*. § 1446(a). (Ex. A.) Cerence is today serving a Notice of Filing Notice of Removal on all parties and filing the Notice with the Circuit Court of Cook County. *Id*. § 1446(d).

---

[2] Although the amount in controversy could exceed $5,000,000 for removal purposes, Cerence denies liability and denies that Plaintiffs are entitled to any damages or other recovery for these claims. Those issues are not before the Court at this stage.

4

Dated: April 28, 2023	Respectfully submitted,

CERENCE INC.

By: */s/ Matthew C. Wolfe*

Matthew C. Wolfe
Amy Y. Cho
Mehgan E.H. Keeley
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
mwolfe@shb.com
acho@shb.com
mkeeley@shb.com

***Attorneys for Cerence Inc.***

## CERTIFICATE OF SERVICE

I, Matthew C. Wolfe, an attorney, hereby certify that on **April 28, 2023**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Pena v. Cerence Inc.*, Case No. 2023CH02866, in the Circuit Court of Cook County, addressed as follows:

>Myles McGuire
>Paul T. Geske
>Colin Primo Buscarini
>MCGUIRE LAW, P.C.
>55 W. Wacker Drive, 9th Fl.
>Chicago, IL 60601
>mmcguire@mcgpc.com
>pgeske@mcgpc.com
>cbuscarini@mcgpc.com
>
>***Attorneys for Plaintiffs***

                                                    /s/ Matthew C. Wolfe