# Exhibit A

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

FILED
3/24/2023 1:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02866
Calendar, 2
22013384

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| A.P., a minor, by and through her guardian, CARLOS PENA, and CARLOS PENA, each individually and on behalf of similarly situated individuals, | ) ) ) ) ) | No. 2023CH02866 |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | |
| CERENCE INC., a Delaware corporation, | ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) ) ) | |

## CLASS ACTION COMPLAINT

Plaintiffs, A.P., a minor, by and through her guardian, Carlos Pena, and Carlos Pena, each individually and on behalf of other similarly situated individuals, bring this Class Action Complaint against Defendant, Cerence Inc. ("Cerence"), to stop Defendant from violating the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* and to seek redress for those aggrieved by Defendant's unlawful conduct. Plaintiffs allege as follows based on personal knowledge as to their own acts and experiences, and as to all other matters, on information and belief, including an investigation by their attorneys.

## NATURE OF THE ACTION

1.     Defendant Cerence is a multinational software and technology company that provides voice assistant and facial recognition technology for automobiles. Defendant's technology uses speech recognition and facial recognition to deliver custom responses to drivers and passengers, and to perform personalized tasks related to navigation, entertainment, and climate control.

2.     Defendant's products are integrated into more than 450 million automobiles' in-car

FILED DATE: 3/24/2023 1:54 PM  2023CH02866

systems, including automobiles manufactured and sold to consumers by Volkswagen, Mercedes-Benz, Toyota, Honda, Subaru, and many others.

3.      In order to process users' voice commands, and perform tasks specific to a given speaker, Defendant's software captures, stores, and processes users' voiceprints—the unique characteristics of their voice—for identification and verification purposes. With a voiceprint, Defendant's software can carry out personalized responses including playing certain music, adjusting seats and climate settings, and completing online purchases.

4.      Voice and facial recognition technology—which utilize individuals' biologically unique voiceprints and facial geometry, respectively—are subject to the Illinois Biometric Information Privacy Act, or BIPA. BIPA protects individuals' biometric privacy rights by regulating private entities' collection and use of biometrics. For instance, BIPA prohibits a private entity from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric data or biometric information (collectively, "biometrics") unless it: (1) informs that person in writing that biometric identifiers and information will be collected and/or stored, (2) informs the person in writing of the specific purpose and length for which the biometric identifiers or information are being collected, stored, or used, (3) receives a written release from the subject, and (4) publishes publicly available written retention schedules and guidelines for permanently destroying said biometrics. *See generally* 740 ILCS 14/15(a), (b).

5.      When Defendant provided its biometric-enabled technology for integration with automobiles sold and driven in Illinois, its actions triggered a number of statutory requirements under BIPA. However, Defendant has failed to meet its legal obligations under BIPA. For instance, Defendant never publicly published a retention policy and destruction guidelines for Plaintiffs' and the other putative class members' biometrics; it never provided the required disclosures about

FILED DATE: 3/24/2023 1:54 PM  2023CH02866

the specific purpose and length of time for which Plaintiffs' or the other putative class members' biometrics would be stored or used; and Defendant never sought a signed, written release from Plaintiffs or the other putative class members prior to obtaining their biometrics.

6.     Accordingly, Plaintiffs bring this action for statutory damages and other available relief as a result of Defendant's unlawful conduct and its violations of Plaintiffs' biometric privacy rights under BIPA. Individually and on behalf of a proposed class defined below, Plaintiffs seek declaratory and injunctive relief as well as an award of statutory damages, litigation costs, reasonable attorneys' fees, and prejudgment interest.

## PARTIES

4.     At all relevant times, Plaintiff A.P. and her guardian, Plaintiff Carlos Pena, have both been residents of Illinois.

5.     Defendant Cerence Inc. is a for-profit corporation organized under the laws of Delaware and headquartered in Burlington, Massachusetts.

## JURISDICTION AND VENUE

6.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant knowingly and intentionally transacts business within this State such that it has sufficient minimum contacts with Illinois and has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiffs' and the putative class members' claims arise out of or relate to Defendant's conduct in Illinois, as Defendant's violations of BIPA occurred within this State.

7.     Venue is proper in the Circuit Court of Cook County pursuant to 735 ILCS 5/2-101, because Defendant is non-resident foreign corporation, and because the transactions or

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

occurrences, or some part thereof, out of which Plaintiffs' and the putative class members' claims arose occurred in Cook County.

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

### The Biometric Information Privacy Act

8. "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

9. BIPA was enacted in 2008 in order to safeguard individuals' biometrics as a result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276.

10. As set forth in BIPA, biologically unique identifiers, such as a person's unique fingerprints, voiceprint, or facial geometry, implicate special concerns because they cannot be changed:

> Biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions.

740 ILCS 14/5(c).

11. As the Illinois Supreme Court has held, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206 (Ill. 2019). The Illinois Supreme Court further held that when a private entity fails to comply with BIPA, "that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Id.*

FILED DATE: 3/24/2023 1:54 PM 2023CH02866

12. Due to the critical need for enhanced protection of biometrics, BIPA imposes various requirements on private entities with respect to individuals' biometrics.

13. Among other things, BIPA regulates "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometrics: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)–(e).

14. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

15. "Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id*. This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics."

16. In Section 15 of BIPA, there is a list of at least four distinct categories of activities that may subject private entities to liability:

    a.    possessing biometrics without making publicly available a written biometric retention and destruction policy, 740 ILCS 14/15(a);

    b.    collecting biometrics without informed written consent, 740 ILCS 14/15(b);

    c.    profiting from biometrics, 740 ILCS 14/15(c); and

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

     d.     disclosing or disseminating biometrics without consent, 740 ILCS 14/15(d).

17.     Compliance with BIPA is straightforward for those who wish to use biometric technology, and generally may be accomplished through a single, signed sheet of paper.

**Defendant's Use of Biometric-Enabled Technology**

18.     Defendant Cerence Inc. is a multinational technology company and a provider of AI voice assistant and voice recognition technology for automobiles. Specifically, Defendant is the provider of the Cerence Drive platform, which it sells to its automotive manufacturer customers for integration in automobiles sold to consumers.

19.     Automobiles integrated with Cerence Drive typically incorporate a host of Cerence software and other technology, including a biometrically enabled voice assistant, microphones placed throughout the vehicle's interior, and speech recognition software installed on the vehicle's operating system.

20.     Cerence Drive's speech recognition technology is capable of not only receiving, understanding, and carrying out voice commands, but also identifying the person who made a particular voice command and where they are, so that the system can tailor its responses or actions to that specific person. In other words, Cerence Drive's technology can determine the identity of a person delivering commands and also where he or she is seated in the cabin.

21.     Cerence Drive performs the capabilities mentioned above by collecting, processing, analyzing, and storing users' voiceprint biometrics. On Defendant's website, a screenshot of which is depicted in Figure 1 below, Defendant provides a description of its use of voice biometrics.[1]

---

[1] https://www.cerence.com/cerence-products/beyond-voice (last accessed 3/24/23).

FILED DATE: 3/24/2023 1:54 PM    2023CH02866



**Figure 1.**

22.     As stated on Cerence's website, Cerence uses "voice biometrics – the identification and verification of a user based on the characteristics of their voice" to "deliver advanced levels of personalization" and "enable the automotive assistant to understand who is speaking, load their personal profile, authorize purchases by voice, and more."

23.     Thus, Cerence collects, captures, and stores the unique voiceprint biometrics of every individual who interacts with Cerence's voice assistant technology. And once Cerence obtains users' biometric identifiers, biometric information, and/or data derived therefrom, Cerence's software sends that data and information to its own servers for purposes of helping Cerence determine whether a user has made a voice command and what the user is asking the voice assistant to do. Cerence also collects and stores biometric information and other data derived from biometrics to create usage statistics and improve its services.[2]

24.     Importantly, Cerence Drive not only collects the voiceprints of individuals who may make commands; it also collects the voiceprints of everyone in the vehicle who speaks. Cerence Drive uses "Speech Signal Enhancement," or SSE, to detect and isolate certain voices and

---

[2] https://cerence.com/news-releases/news-release-details/volkswagen-selects-cerence-power-voice-control-new-fully/#:~:text=Cerence%20provided%20core%20embedded%20and,in%20the%20car%20is%20talking (last accessed 3/24/23)

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

filter out others, so that Cerence Drive's voice assistant can determine who may be making a voice command, and who else in the automobile should be muted or ignored. SSE is a core functionality of Cerence Drive.

25. Figure 2, below, shows a screenshot from Cerence's 2020 Technology Showcase where Udo Haiber, Vice President of Research and Development at Cerence, explained how Cerence's SSE can identify and isolate the voice of a speaker through its Deep Neutral Network (DNN) Noise Cancelation System.



**Figure 2.**

26. Notably, the slide depicted in Figure 2 contains spectrograms of voices with other noise. A spectrogram is a visual graph used to display frequencies of sound waves. For illustrative purposes, Figure 3 below depicts an example of a spectrogram of a human voice.

FILED DATE: 3/24/2023 1:54 PM   2023CH02866



**Figure 3.**

27.     A spectrogram of a human voice, like the kinds depicted in Figures 2 and 3, is derived from biometric information and biometric data, and can be used to identify an individual by the sound of his or her voice.

28.     The spectrograms in Figure 2, which depict voices detected and analyzed by Cerence Drive, further demonstrate how Cerence Drive collects and uses voiceprints and/or other biometric information.[3]

29.     Moreover, Defendant's voice assistant technology not only collects biometrics from its clients' users, but also stores said biometrics on Cerence's own servers, which it then disseminates to third-party vendors.

30.     Cerence Drive interfaces with and has access to many external content services that it utilizes to respond to voice commands. For example, Cerence Drive can use voice commands to log into third-party services to find destinations, provide navigation routes, make purchases, and play music.

31.     Although Cerence's voice recognition technology is a core part of the AI voice assistant systems present in many automobiles, Cerence does not clearly inform or notify drivers and passengers that it is collecting, storing, and disseminating their voiceprint biometrics.

---

[3] https://www.youtube.com/watch?v=uBcZ1aoL16s at 46:00 – 48:00 (last accessed 3/24/2023)

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

Additionally, Cerence fails to obtain written consent from end users to collect, possess, store, use or disseminate their voiceprint biometrics.

32.     By selling and licensing its AI voice assistant hardware, software, and services to automotive manufacturers, Cerence directly profits from users' biometrics. The collection, storage, and dissemination of users' biometrics is core to the functionality of Cerence Drive, so Cerence's business is reliant on the collection of voiceprint biometrics from end users.

**Facts Specific to Plaintiffs**

33.     Since 2019, Defendant's Cerence Drive voice assistant technology and SSE capability have been integrated into the operating systems of numerous consumer automobiles, including those manufactured and sold by Volkswagen. Specifically, Cerence Drive voice recognition technology powers the voice assistants found in Volkswagen's ID.3, ID.4, and Golf 8 GTI vehicle models.

34.     Over time, Cerence Drive voice assistant technology has expanded beyond the Volkswagen ID.3 and ID.4 models to other Volkswagen models capable of hosting a voice assistant.[4]

35.     On multiple occasions throughout 2021, while within the state of Illinois, Plaintiffs A.P. and Carlos Pena carpooled to locations in Cook County, Illinois in a relative's Volkswagen ID.4.

36.     During the carpool trips mentioned above, Plaintiffs both verbally activated the automobile's AI voice assistant by saying "Hello ID" to perform tasks like playing music, changing the temperature, and asking for directions. Each time that Plaintiffs verbally activated

---

[4] https://sustainserv.com/wp-content/uploads/2021/11/Cerence-ESG-Report-2021.pdf at page 16 (Last Accessed 3/23/23); https://archive.autofutures.tv/2022/03/02/vw-selects-cerenc/ (Last Accessed 3/23/23); https://www.volkswagen-newsroom.com/en/stories/hello-id-light-how-the-new-id-models-communicate-with-the-vehicle-occupants-via-a-light-strip-6963 (Last Accessed 3/23/23).

the voice assistant of the ID.4 by saying "Hello ID," Cerence identified each Plaintiff by their voiceprint and directed the ID.4 to display a blinking white light in front of the person speaking to notify them that the voice assistant was listening to them in particular.

37.     Unbeknownst to Plaintiffs, however, each time the automobile's voice assistant was activated, Defendant's Cerence Drive-powered voice recognition technology and SSE functionality collected their voiceprints for identification purposes.

38.     Moreover, on each occurrence where Plaintiffs activated the voice assistant integrated into the Volkswagen ID.4, Cerence collected, processed, obtained, and stored Plaintiffs' biometrics without first providing proper notice or obtaining adequate consent.

39.     On information and belief, Cerence Drive also collects and stores location data and other personally identifiable information when users engage with its platform. Accordingly, Defendant knows that its technology will and has interacted with individuals located in the state of Illinois, such as Plaintiffs, without regard for compliance with BIPA's requirements.

40.     Despite collecting, capturing, and obtaining Plaintiffs' voiceprint biometrics, Defendant failed to obtain valid written consent as required by BIPA to collect such biometric identifiers. Defendant also failed to provide Plaintiffs with written disclosures informing them of the specific purpose and length of term for which their biometrics were being collected.

41.     Defendant has also unlawfully profited from the voiceprint biometrics that it obtained from Plaintiffs and other individuals in Illinois. Defendant charges its automobile manufacturer customers for its Cerence Drive voice assistant technology services, such that collection of Plaintiffs' and other Illinois individuals' biometric information is an essential feature of Defendant's business.

42.     Further, on information and belief, Defendant unlawfully disclosed Plaintiffs' and

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

other Class members' biometrics to its third-party cloud and data storage vendors without Plaintiffs' informed consent.

## **CLASS ALLEGATIONS**

43.     Plaintiffs bring this action individually and, pursuant to 735 ILCS § 5/2-801, as representatives on behalf of a Class defined as follows:

> **Class**: All persons whose voiceprint biometric identifiers or biometric information were collected, captured, stored, disseminated, transmitted or otherwise used by Cerence Inc. through the Cerence Drive platform within the state of Illinois any time within the applicable limitations period.

44.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officers, directors, or employees of Defendant; and any immediate family members of such officers, directors, or employees.

45.     On information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendant's records and Defendant's customers' records.

46.     Plaintiffs' claims are typical of the claims of the Class members they seek to represent, because the basis of Defendant's liability to Plaintiffs and the Class members is substantially the same, and because Defendant's conduct has resulted in similar harms to Plaintiffs and to the Class. As alleged herein, Plaintiffs and the Class have all been aggrieved as a result of Defendant's BIPA violations.

47.     There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

a.  Whether Defendant's Cerence Drive voice assistant and speech recognition technology collects, captures, or otherwise obtains biometric identifiers or biometric information from Illinois users;

b.  Whether Defendant's conduct is subject to BIPA;

c.  Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

d.  Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

e.  Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used, before taking such biometrics;

f.  Whether Defendant disseminated or disclosed the Class members' biometrics to third parties without the subjects' consent;

g.  Whether Defendant's profiting from the collection of Class members' biometrics violates BIPA;

h.  Whether Defendant's conduct violates BIPA;

i.  Whether Defendant's violations of the BIPA are willful or reckless; and

j.  Whether Plaintiffs and the Class are entitled to damages and injunctive

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

relief.

48.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

49.    Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class they seek to represent. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

50.    Defendant has acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)**
**(On behalf of Plaintiffs and the Class)**

51.    Plaintiffs incorporate the foregoing allegations by reference as though fully set forth herein.

52.    Defendant is a private entity subject to BIPA. 740 ILCS 14/10.

53.    As discussed above, Plaintiffs and the other Class members have had their "biometric identifiers," namely, their voiceprints and/or data derived therefrom, *i.e.*, "biometric

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

information," collected, obtained, stored, and thus possessed by Defendant after they interacted with Defendant's Cerence Drive voice assistant system.

54.     Section 15(a) of BIPA requires any private entity in possession of biometric identifiers or biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

55.     Though Defendant has come into possession of Plaintiffs' and the other Class members' biometric identifiers as described herein, it has failed to make publicly available any policy addressing its biometric retention and destruction practices.

56.     As a result, Defendant has violated Section 15(a) of BIPA.

57.     Defendant knew, or was reckless in not knowing, that integrating biometric-enabled voice assistant technology in automobiles sold and driven in Illinois and possessing numerous Illinois residents' biometrics would be subject to Section 15(a) of BIPA, a statutory provision that was enacted in 2008.

58.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

59.     Defendant's violations of Section 15(a) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA.

60.     Accordingly, with respect to Count I, Plaintiffs, individually and on behalf of the

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

proposed Class, pray for the relief set forth below.

## <u>COUNT II</u>
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)
### (On behalf of Plaintiffs and the Class)

61.     Plaintiffs incorporate the foregoing allegations by reference as though fully set forth herein.

62.     Defendant is a private entity subject to BIPA. 740 ILCS 14/10.

63.     As discussed above, Plaintiffs and the other Class members have had their "biometric identifiers," namely their voiceprints and/or data derived therefrom, *i.e.*, "biometric information," collected, captured, and obtained by Defendant when they interacted with Defendant's Cerence Drive voice assistant system.

64.     BIPA requires any private entity, such as Defendant, to obtain informed written consent from individuals before collecting or obtaining their biometric identifiers or biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

65.     In each instance when Plaintiffs and the other Class members used their voice to interact with Defendant's Cerence Drive voice assistant system, Defendant captured, collected, or otherwise obtained Plaintiffs' and the other Class members' biometrics without their written consent and without complying with BIPA.

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

66.    Defendant's practices with respect to capturing, collecting, storing, and using the biometrics of Plaintiffs and the Class members fails to comply with the following requirements of Section 15(b):

a.    Defendant failed to inform Plaintiffs and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b.    Defendant failed to inform Plaintiffs and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c.    Defendant failed to inform Plaintiffs and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2); and

d.    Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3).

67.    As a result, Defendant has violated Section 15(b) of BIPA.

68.    Defendant knew, or was reckless in not knowing, that integrating biometric-enabled voice assistant technology in automobiles sold and driven in Illinois and obtaining numerous Illinois residents' biometrics would be subject to Section 15(b) of BIPA, a statutory provision that was enacted in 2008.

69.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

70.    Defendant's violations of Section 15(b) of BIPA, a statutory provision that has been

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA.

71.     Accordingly, with respect to Count II, Plaintiffs, individually and on behalf of the proposed Class, pray for the relief set forth below.

<u>**COUNT III**</u>
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(c)**
**(On behalf of Plaintiffs and the Class)**

72.     Plaintiffs incorporate the foregoing allegations by reference as though fully set forth herein.

73.     Defendant is a private entity subject to BIPA. 740 ILCS 14/10.

74.     Section 15(c) of BIPA prohibits any private entity in possession of biometrics, such as Defendant, from selling, leasing, trading, or otherwise profiting from such biometrics. 740 ILCS 14/15(c).

75.     As discussed above, Defendant came into possession of Plaintiffs' and the other Class members' biometrics after they interacted with Defendant's Cerence Drive biometrically enable voice assistant technology.

76.     As alleged herein, Defendant profited from the biometrics it obtained from Plaintiffs and the other Class members, because Defendant profits from selling the Cerence Drive platform to its automobile manufacturer customers, and because Defendant uses end-users' biometrics to fulfill the services it provides to its customers in exchange for compensation. As such, the voiceprint biometrics of Plaintiffs and the Class members are a necessary component of Defendant's business model. Defendant thus profited both directly and indirectly from the integration of its biometric-enabled speech recognition technology in consumers' vehicles.

77.     Accordingly, Defendant has violated Section 15(c) of BIPA.

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

78.     Defendant knew, or was reckless in not knowing, that integrating biometric-enabled voice assistant technology in automobiles sold and driven in Illinois and profiting from numerous Illinois residents' biometrics would be subject to Section 15(c) of BIPA, a statutory provision that was enacted in 2008.

79.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

80.     Defendant's violations of Section 15(c) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(c) of BIPA.

81.     Accordingly, with respect to Count III, Plaintiffs, individually and on behalf of the proposed Class, pray for the relief set forth below.

## COUNT IV
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(d)
### (On behalf of Plaintiffs and the Class)

82.     Plaintiffs incorporate the foregoing allegations by reference as though fully set forth herein.

83.     Defendant is a private entity subject to BIPA. 740 ILCS 14/10.

84.     As discussed above, Defendant came into possession of Plaintiffs' and the other Class members' biometrics after they interacted with Defendant's Cerence Drive biometrically enable voice assistant technology.

85.     Section 15(d) of BIPA prohibits any private entity in possession of biometrics, such as Defendant, from disclosing, redisclosing, or otherwise disseminating an individual's biometric identifiers or biometric information without that individual's consent. 740 ILCS 14/15(d).

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

86.     On information and belief, Defendant has disclosed or otherwise disseminated the biometrics of Plaintiffs and the Class members to third party companies. Specifically, Defendant's Cerence Drive platform utilizes user voice commands when connecting with and interfacing with third-party services such as cloud storage, external content services, and third-party assistants.

87.     Defendant never obtained Plaintiffs' or other Class members' consent to disclose or disseminate their biometrics.

88.     Accordingly, Defendant has violated Section 15(d) of BIPA.

89.     Defendant knew, or was reckless in not knowing, that by utilizing a biometric-enabled voice recognition system that disclosed or disseminated the biometrics of numerous Illinois residents as alleged above, it would be subject to Section 15(d) of BIPA, a statutory provision enacted in 2008.

90.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

91.     Defendant's violations of Section 15(d) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(d) of BIPA.

92.     Accordingly, with respect to Count IV, Plaintiffs, individually and on behalf of the proposed Class, pray for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, respectfully request that this Court enter an Order:

a.      Certifying the Class as defined above, appointing Plaintiffs as class

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

representatives and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f.  Awarding reasonable attorneys' fees, costs, and other reimbursable litigation expenses pursuant to 740 ILCS 14/20(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and

h.  Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated:  March 24, 2023

Respectfully Submitted,

A.P., a minor, by and through her guardian, CARLOS PENA, and CARLOS PENA, each individually and on behalf of similarly situated individuals

By: /s/ *Paul T. Geske*
One of Plaintiffs' Attorneys

Myles McGuire
Paul T. Geske

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

Colin Primo Buscarini
MCGUIRE LAW, P.C. (Firm ID#56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
pgeske@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiffs and the putative
Class*

Hearing Date: 7/27/2023 9:30:00 AM
Location: Court Room 2601
Judge: Chupack, Joel

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

FILED
3/24/2023 1:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02866
Calendar, 2
22013384

**Chancery Division Civil Cover Sheet**
**General Chancery Section**

(12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

A.P., a minor, by and through her guardian, CARLOS PENA, and CARLOS
PENA, each individually and on behalf of similarly situated individuals,

Plaintiff

v.                                                    Case No: _____

CERENCE, INC., a Delaware corporation,

Defendant

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ Administrative Review | | 0017 | ☐ Mandamus | |
| 0001 | ☑ Class Action | | 0018 | ☐ Ne Exeat | |
| 0002 | ☐ Declaratory Judgment | | 0019 | ☐ Partition | |
| 0004 | ☐ Injunction | | 0020 | ☐ Quiet Title | |
| | | | 0021 | ☐ Quo Warranto | |
| 0007 | ☐ General Chancery | | 0022 | ☐ Redemption Rights | |
| 0010 | ☐ Accounting | | 0023 | ☐ Reformation of a Contract | |
| 0011 | ☐ Arbitration | | 0024 | ☐ Rescission of a Contract | |
| 0012 | ☐ Certiorari | | 0025 | ☐ Specific Performance | |
| 0013 | ☐ Dissolution of Corporation | | 0026 | ☐ Trust Construction | |
| 0014 | ☐ Dissolution of Partnership | | 0050 | ☐ Internet Take Down Action (Compromising Images) | |
| 0015 | ☐ Equitable Lien | | | | |
| 0016 | ☐ Interpleader | | | ☐ Other (specify) _____ | |

◉ Atty. No.: _56618_        ◯ Pro Se 99500

Atty Name: _McGuire Law, P.C._

Atty. for: _Plaintiff_

Address: _55 W. Wacker Dr., 9th Fl._

City: _Chicago_        State: _IL_

Zip: _60601_

Telephone: _(312) 893-7002_

Primary Email: _pgeske@mcgpc.com_

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED
3/24/2023 1:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02866
Calendar, 2
22013384

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons**

(12/01/20) CCG 0001 A

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

A.P., a minor, by and through her guardian, CARLOS
PENA, and CARLOS PENA, each individually and on
behalf of similarly situated individuals,

Plaintiff(s)

v.

CERENCE INC.,
a Delaware corporation,

Defendant(s)

c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Address of Defendant(s)

Case No. _____

**2023CH02866**

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE**. You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**                                    **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: _56618_          Witness date _____

○ Pro Se 99500

Name: _McGuire Law, P.C._          3/24/2023 1:54 PM IRIS Y. MARTINEZ

Atty. for (if applicable):                    IRIS Y. MARTINEZ, Clerk of Court

_Plaintiff_          ☐ Service by Certified Mail: _____

Address: _55 W. Wacker Dr., 9th. Fl._          ☐ Date of Service: _____

City: _Chicago_                    (To be inserted by officer on copy left with employer or other person)

State: _IL_  Zip: _60601_

Telephone: _(312) 893-7002_

Primary Email: _pgeske@mcgpc.com_

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
***cookcountyclerkofcourt.org***

FILED DATE: 3/24/2023 1:54 PM  2023CH02866

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

**<u>CALL OR SEND AN EMAIL MESSAGE</u>** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### <u>CHANCERY DIVISION</u>
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### <u>CIVIL DIVISION</u>
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### <u>COUNTY DIVISION</u>
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### <u>DOMESTIC RELATIONS/CHILD SUPPORT DIVISION</u>
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### <u>DOMESTIC VIOLENCE</u>
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### <u>LAW DIVISION</u>
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### <u>PROBATE DIVISION</u>
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### <u>ALL SUBURBAN CASE TYPES</u>

### <u>DISTRICT 2 - SKOKIE</u>
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### <u>DISTRICT 3 - ROLLING MEADOWS</u>
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### <u>DISTRICT 4 - MAYWOOD</u>
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### <u>DISTRICT 5 - BRIDGEVIEW</u>
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### <u>DISTRICT 6 - MARKHAM</u>
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on March 24, 2023, the foregoing *Notice of Filing* as well as the accompanying *Motion* and *Memorandum of Law* were filed with the Clerk of Court, with true and correct copies served on Defendant via its registered agent below by special process server as soon as service may be effectuated:

Cerence Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Under penalties as provided by law, pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the above certificate of service are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

/s/ *Paul T. Geske*
Paul T. Geske

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

FILED
3/24/2023 1:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02866
Calendar, 2
22013384

# CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

A.P., a minor, by and through her guardian, CARLOS PENA, and CARLOS PENA, each individually and on behalf of similarly situated individuals,

        *Plaintiffs,*

        v.

CERENCE INC., a Delaware corporation,

        *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2023CH02866

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiffs, A.P., a minor, by and through her guardian, Carlos Pena, and Carlos Pena, through their undersigned counsel, and pursuant to 735 ILCS 5/2-801, move for entry of an order certifying the Class proposed below, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' attorneys as Class Counsel. Alternatively, Plaintiffs request, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete class discovery. *See, e.g.*, *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011)). In support of his Motion, Plaintiffs submit the following Memorandum of Law.

Dated: March 24, 2023

A.P., a minor, by and through her guardian, CARLOS PENA, and CARLOS PENA, each individually and on behalf of similarly situated individuals

By: /s/ *Paul T. Geske*
One of Plaintiffs' Attorneys

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

Myles McGuire
Paul T. Geske
Colin Primo Buscarini
MCGUIRE LAW, P.C. (Firm ID#56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
pgeske@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiffs and the putative
Class*

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR**
**A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

## I.   INTRODUCTION

Plaintiffs move to certify a class of Illinois residents whose biometric identifiers and biometric information were unlawfully captured, collected, stored, used, and/or disseminated by Defendant Cerence Inc. ("Defendant" or "Cerence"). Defendant is a multinational software and technology company that provides voice assistant and voice recognition technology for automobiles, and its software invasively captures users' voiceprints—the unique characteristics of their voice—for identification and verification purposes. (*See generally* Class Action Complaint ¶¶ 1-4, hereinafter "Complaint" or "Compl."). In so doing, however, Defendant failed to comply with the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

As alleged in Plaintiffs' Complaint, Defendant violated BIPA by, among other things, obtaining, storing, and using customers' voiceprint biometrics without their consent; failing to publish a retention schedule and destruction guidelines explaining how and when such biometric information will be used, stored, and destroyed; profiting from users' biometrics; and disclosing or disseminating biometrics to third-parties without consent. After Plaintiffs learned of Defendant's wrongful conduct, Plaintiffs commenced suit on behalf of a class of similarly situated individuals to bring an end to the Defendant's unlawful practices, and to obtain redress for all persons aggrieved by its conduct.

## II.   BACKGROUND

### A.   The Illinois Biometric Information Privacy Act.

The Illinois Biometric Information Privacy Act was enacted to protect individuals' biometrics. (Compl. ¶¶ 9-10). "Biometrics" refers to a "biology-based set[s] of measurements."

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

*Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296. Under BIPA, biometric identifiers include handprints, fingerprints and voiceprints; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Compl. ¶¶ 14-15).

In recognition of the importance of the security of individuals' biometrics, BIPA regulates how private entities may collect, obtain, and store biometrics by providing that, *inter alia*, private entities such as Defendant may not obtain and/or possess an individual's biometrics unless they publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a). In addition, BIPA also requires that any entities such as Defendant obtain a written release and informed consent before obtaining any biometrics. *Id.* § 15(b). Further, BIPA prohibits private companies from selling, leasing, trading, or otherwise profiting from a person's biometric identifier or biometric information. *Id.* § 15(c). Finally, BIPA also prohibits private entities from disclosing or disseminating biometrics with the subjects' consent. *Id.* § 15(d).

**B.     Cerence's Unlawful Conduct.**

Defendant Cerence is a technology company and a provider of AI voice assistant and voice recognition technology for automobiles. (Compl. ¶ 18). Specifically, Defendant is the provider of the Cerence Drive platform, which includes biometrically enabled speech recognition technology to deliver custom responses to drivers and passengers, and to perform personalized tasks related to navigation, entertainment, and climate control. (*Id.* ¶¶ 18-22).

A vehicle integrated with Cerence Drive's technology is capable of not only receiving, understanding, and carrying out voice commands, but also identifying the person who made a

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

particular voice command and where they are, so that the system can tailor its responses or actions to that specific person. (*Id.*). In other words, Cerence Drive's speech recognition technology can determine the identity of a person delivering commands and also where he or she is seated in the cabin. (*Id.*). As stated on Cerence's website, Cerence uses "voice biometrics – the identification and verification of a user based on the characteristics of their voice" to "deliver advanced levels of personalization" and "enable the automotive assistant to understand who is speaking, load their personal profile, authorize purchases by voice, and more." (*Id.*).

However, Defendant does not adequately inform users that it is collecting their voiceprints and extracting biometric biometric information for identity and verification purposes when the users interact with Defendant's voice assistant. (*Id.* ¶¶ 31, 40). Nor does Defendant obtain proper written consent as required by BIPA to collect or disseminate such biometrics. (*Id.*). Further, Defendant does not publish a publicly available retention schedule and destruction guidelines for the biometrics it possesses. (*Id.*).

### C.    Plaintiffs' Proposed Class.

Pursuant to 735 ILCS § 5/2-801, Plaintiffs seek certification of a class defined as follows:

> All persons whose voiceprint biometric identifiers or biometric information were collected, captured, stored, disseminated, transmitted or otherwise used by Cerence, Inc. within the state of Illinois any time within the applicable limitations period.

(Compl. ¶ 43). As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the Class can obtain appropriate redress for Defendant's unlawful conduct.

## III.    **ARGUMENT**

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

### A.      Legal Standard For Class Certification.

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)      The class is so numerous that joinder of all members is impracticable.
>
> (2)      There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3)      The representative parties will fairly and adequately protect the interest of the class.
>
> (4)      The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, the Class satisfies each prerequisite and should therefore be certified.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirements for class certification and ought to err in favor of maintaining class certification. *Ramirez v. Midway Moving & Storage, Inc*., 378 Ill. App. 3d 51, 53 (1st Dist. 2007). While a court may rule on class certification without requiring further discovery, *see Manual for Complex Litigation (Fourth)* § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Ctr., Inc. v. Kohll's Pharm. & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed

- 6 -

for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. "[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of [class certification] are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (internal quotation marks and citation omitted). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez*, 378 Ill. App. 3d at 53.

All the prerequisites for class certification are satisfied here, even though Plaintiffs have not yet had an opportunity to complete class discovery. However, in the interests of establishing a more fully developed record prior to a ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.    The Numerosity Requirement is Satisfied.**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill. 2d 320, 337 (1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

Plaintiffs allege that Defendant obtains and stores the biometrics of numerous individuals who have driven or ridden in a car integrated with Cerence Drive while in Illinois such that there are thousands of members in the Class. (Compl. ¶ 45) Because definitive evidence of numerosity in this case can only come from Defendant's records, it is proper to rely upon the allegations of the Complaint in determining numerosity. *See* 2 A. Conte & H. Newberg, *Newberg on Class Actions* § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Given the size of the Class, and the fact that they are disbursed throughout Illinois, it would be completely impracticable to join the Class members' claims absent a class action. Moreover, few Class members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C. Common Questions of Law and Fact Predominate.

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill. 2d 7, 19 (1981); *Steinberg*, 69 Ill. 2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues:

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

whether Defendant's Cerence Drive voice assistant and speech recognition technology collects, captures, or otherwise obtains biometric identifiers or biometric information from Illinois residents; Whether Defendant's conduct is subject to BIPA; whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics; whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics; whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used, before taking such biometrics; whether Defendant disseminated or disclosed the Class members' biometrics to third parties without the subjects' consent; whether Defendant's profiting from the collection of Class members' biometrics violates BIPA; whether Defendant's conduct violates BIPA; whether Defendant's violations of the BIPA are willful or reckless; and whether Plaintiffs and the Class are entitled to damages and injunctive relief. (Compl. ¶ 47).

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing, obtaining, and/or or using the Class members' biometrics without obtaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiffs have satisfied this hurdle to certification.

### D. Adequate Representation.

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

"qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill. 2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiffs have the exact same interests as the members of the proposed Class. Plaintiffs have alleged that, like the other members of the Class, their biometric information was captured, collected, stored, profited from, and disclosed or otherwise disseminated via Cerence Drive. Plaintiffs have also alleged that Defendant did so without complying with BIPA. Plaintiffs' pursuit of this matter against Defendant demonstrates that Plaintiffs have been and will continued to be zealous advocates for the Class.

Further, Plaintiffs have retained counsel that have regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in numerous other complex consumer class actions. (*See generally* Declaration of Colin Primo Buscarini, attached hereto as Exhibit 1.) Accordingly, the proposed class representatives and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.    Fair and Efficient Adjudication of the Controversy.

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other

ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Id.* at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation are satisfied in this case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 224 Ill. App. 3d at 203–04; *Eshaghi*, 214 Ill. App. 3d at 1004 ("In a large and impersonal society, class actions are often the last barricade of . . . protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell v. Arrow Fin. Servs., LLC*, No. 03 C 1995, 2004 WL 719278, at *6 (N.D. Ill. March 31, 2004). This is especially true in cases involving data privacy violations, which can involve significant injury to those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that the Class members' privacy rights in their biometrics are sufficiently protected and to compensate those individuals who have had their statutorily-protected privacy rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress.

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, all of the prerequisites to class certification in 735 ILCS 5/2-801 are satisfied. Therefore, Plaintiffs respectfully request that the Court enter an order certifying the proposed Class, appointing Plaintiffs as class representatives, appointing Myles McGuire, Paul T. Geske, and Colin P. Buscarini of McGuire Law, P.C. as class counsel, and awarding such further and additional relief as the Court deems reasonable and just. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: March 24, 2023

A.P., a minor, by and through her guardian, CARLOS PENA, and CARLOS PENA, each individually and on behalf of similarly situated individuals

By: */s/ Paul T. Geske*
One of Plaintiffs' Attorneys

Myles McGuire
Paul T. Geske
Colin Primo Buscarini
MCGUIRE LAW, P.C. (Firm ID#56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
pgeske@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiffs and the putative Class*

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| A.P., a minor, by and through her guardian, CARLOS PENA, and CARLOS PENA, each individually and on behalf of similarly situated individuals, | ) ) ) ) ) | No. |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | |
| CERENCE INC., a Delaware corporation, | ) ) | |
| *Defendant.* | ) ) ) | |

## <u>DECLARATION OF COLIN P. BUSCARINI</u>

I, Colin Buscarini, hereby aver, pursuant to 735 ILCS 5/1-109, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1.      I am an adult over the age of 18 and a resident of the State of Illinois.

2.      I am fully competent to make this Declaration and I do so in support of Plaintiffs' Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.

3.      I am an attorney with the law firm McGuire Law, P.C., I am licensed to practice law in the State of Illinois, and I am one of the attorneys representing the Plaintiffs in this matter.

4.      I received my B.A. from the University of South Dakota, and I received my J.D. from The John Marshall Law School.

5.      McGuire Law, P.C. is a law firm based in Chicago, Illinois that focuses on consumer class action litigation and complex litigation, representing clients in state and federal trial and appellate courts throughout the country.

FILED DATE: 3/24/2023 1:54 PM    2023CH02866

6.      The attorneys representing Plaintiffs are well-suited to represent the putative class in this matter. There are multiple attorneys representing Plaintiffs and the putative class, with Myles McGuire, Paul Geske, and myself seeking to be appointed Class Counsel.

7.      The attorneys of McGuire Law, P.C. have regularly handled complex litigation on behalf of consumers and have extensive experience prosecuting class action lawsuits similar in size and complexity to the instant case. Attorneys at my firm have served as class counsel in numerous complex consumer class actions. *See, e.g*, *McFerren et al., v. AT&T Mobility, LLC* (Sup. Ct. Fulton County, Ga. 2008); *Gray et al. v. Mobile Messenger Americas, Inc. et al.* (S.D. Fla. 2008); *Gresham et al. v. Keppler & Associates, LLC et al.* (Sup. Ct. Los Angeles County, Cal. 2008); *Sims et al. v. Cellco Partnership et al.* (N.D. Cal. 2009); *Van Dyke et al. v. Media Breakaway, LLC et al.* (S.D. Fla. 2009); *Paluzzi, et al. v. mBlox, Inc., et al*. (Cir. Ct. Cook County, Ill. 2009); *Valdez et al. v. Sprint Nextel Corporation* (N.D. Cal. 2009); *Ryan et al. v. Snackable Media, LLC* (Cir. Ct. Cook County, Ill. 2011); *Parone et al. v. m-Qube, Inc. et al.* (Cir. Ct. Cook County, Ill. 2010); *Williams et al. v. Motricity, Inc. et al.* (Cir. Ct. Cook County, Ill. 2011); *Walker et al. v. OpenMarket, Inc. et al.* (Cir. Ct. Cook County, Ill. 2011); *Schulken at al. v. Washington Mutual Bank, et al.* (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal 2012); *Rojas v. Career Education Corp*. (N.D. Ill. 2012); *Murray et al. v. Bill Me Later, Inc.* (N.D. Ill. 2014); *Gomez et al v. Campbell-Ewald Co.* (C.D. Cal. 2014); *Manouchehri, et al. v. Styles for Less, Inc., et al.* (S.D. Cal. 2016); *Valladares et al. v. Blackboard, Inc. et al.* (Cir. Ct. Cook County, Ill. 2016); *Hooker et al v. Sirius XM Radio, Inc.* (E.D. Va. 2017); *Flahive et al v. Inventurus Knowledge Solutions, Inc.* (Cir. Ct. Cook County, Ill. 2017); *Serrano et al. v. A&M (2015) LLC* (N.D. Ill. 2017); *Vergara et. al. v. Uber Technologies, Inc.* (N.D. Ill. 2018); *Zepeda v. International Hotels Group, Inc. et. al.* (Cir. Ct. Cook County, Ill 2018); *Kovach et al v. Compass Bank* (Cir. Ct.

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

Jefferson County, AL 2018); *Svagdis v. Alro Steel Corp.* (Cir. Ct. Cook County, Ill. 2018); *Zhirovetskiy v. Zayo Group, LLC* (Cir. Ct. Cook County, Ill. 2019); *McGee v. LSC Communications, Inc. et al.* (Cir. Ct. Cook County, Ill. 2019); *Prather et al. v. Wells Fargo Bank, N.A.* (N.D. Ill. 2019).

8.      I and the other attorneys at McGuire Law have diligently investigated the facts and claims at issue and have dedicated substantial resources to this matter. McGuire Law has expended significant resources diligently prosecuting this action, including, among other things, investigating Defendant's unlawful collection of biometrics; evaluating the facts giving rise to the claims asserted by the Plaintiffs, including potential defenses thereto; and investigating Defendant's software and technology. McGuire Law, P.C. will continue to diligently investigate and prosecute this matter.

9.      McGuire Law, P.C. has the financial resources necessary to fully prosecute this action through trial and to provide the necessary and appropriate notice to the class members should Plaintiffs' proposed class be certified.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2023              /s/ *Colin Primo Buscarini*
                                       Colin Primo Buscarini

- 3 -

FILED
3/24/2023 1:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02866
Calendar, 2
22013384

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| A.P., a minor, by and through her guardian, CARLOS PENA, and CARLOS PENA, each individually and on behalf of similarly situated individuals, | ) ) ) ) ) | No. 2023CH02866 |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | |
| CERENCE INC., a Delaware corporation, | ) ) | |
| *Defendant.* | ) ) ) | |

### NOTICE OF FILING

To:     Cerence Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

PLEASE TAKE NOTICE that on March 24, 2023, *Plaintiff's Motion for Class*

*Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was

filed with the Clerk of Court for the Circuit Court of Cook County. A copy of said document is

attached hereto and hereby served upon you.

Dated: March 24, 2023

A.P., a minor, by and through her guardian,
CARLOS PENA, and CARLOS PENA,
each individually and on behalf of similarly
situated individuals

By: /s/ *Paul T. Geske*
One of Plaintiffs' Attorneys

Myles McGuire
Paul T. Geske
Colin Primo Buscarini
MCGUIRE LAW, P.C. (Firm ID#56618)
55 W. Wacker Drive, 9th Fl.

FILED DATE: 3/24/2023 1:54 PM   2023CH02866

Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
pgeske@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiffs and the putative
Class*