**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| A.P., a minor, by and through her guardian, CARLOS PENA, and CARLOS PENA, each individually and on behalf of similarly situated individuals, | ) ) ) ) ) | No. 1:23-cv-02667 |
| | ) | |
| *Plaintiffs*, | ) | Hon. Nancy L. Maldonado |
| | ) | |
| v. | ) ) | Magistrate Judge M. David Weisman |
| | ) | |
| CERENCE INC., a Delaware corporation, | ) ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

<u>**PLAINTIFFS' MOTION TO REMAND**</u>

Plaintiffs, A.P., a minor, by and through her guardian, Carlos Pena, and Carlos Pena, each individually and on behalf of similarly situated individuals, and pursuant to 28 U.S.C. § 1447(c), hereby move to sever and remand their claims under Counts I and III to the Circuit Court of Cook County, Illinois due to the absence of federal subject matter jurisdiction. In support of this Motion, Plaintiffs submit the following memorandum of law.

**I.     <u>INTRODUCTION</u>**

This case is a putative class action brought to seek redress for Defendant's violations of four separate sections of Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15(a) – (d). Plaintiffs filed this action in the Circuit Court of Cook County, Illinois, and Defendant removed the case to this Court on April 28, 2023. (*See generally* Dkt. 4, the "Notice of Removal"). However, under controlling Seventh Circuit precedent, this Court lacks subject matter jurisdiction over two out of four of Plaintiffs' claims: the Section 15(a) claims in Count I,

- 1 -

and the Section 15(c) claims in Count III.

In *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020), the Seventh Circuit held that violations of BIPA's Section 15(a) public disclosure requirements do not cause a harm that is sufficiently concrete or particularized so as to satisfy the injury-in-fact requirement for Article III standing. The Seventh Circuit later reached the same conclusion for Section 15(c) BIPA claims in *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241 (7th Cir. 2021). As explained below, numerous district courts in this District and Circuit have severed and remanded BIPA claims under Sections 15(a) and 15(c) pursuant to *Bryant* and *Thornley*. *See, e.g., Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783 (N.D. Ill. 2022); *Kashkeesh v. Microsoft Corp.*, No. 1:21-cv-03229, 2022 WL 2340876 (N.D. Ill. June 29, 2022).

Defendant's Notice of Removal fails to address the standing issues here. Nonetheless, Plaintiffs—mindful of their obligation to confirm that the Court has subject matter jurisdiction—bring this Motion to ensure that their claims proceed before the proper court. *Hyatt v. Experian Information Sys.*, No. 10 C 5602, 2010 WL 4038825, at *1 n.1 (N.D. Ill. Oct. 14, 2010) ("the absence of [subject matter] jurisdiction cannot be cured by consent, parties have a special obligation to alert the court to any possible problems they perceive in that regard.").

Although Plaintiffs' Section 15(a) and 15(c) claims do not satisfy the prerequisites for federal court standing, Illinois courts generally "permit[] BIPA cases that allege bare statutory violations, without any further need to allege or show injury." *Thornley*, 984 F.3d at 1248. Accordingly, Plaintiffs' Section 15(a) and 15(c) claims should be severed and remanded to Illinois state court, where the claims may properly proceed before a court that has jurisdiction to adjudicate them.

II.     **BACKGROUND**

Plaintiffs filed their Class Action Complaint (Dkt. 4-1, the "Complaint") against Defendant in the Circuit Court of Cook County, Illinois on March 24, 2023. Among other things, Plaintiffs' Complaint alleges that Defendants unlawfully collected, captured, stored, used, profited from, and disseminated Plaintiffs' and the other putative class members' voiceprint biometrics through the Cerence Drive platform—which utilizes AI voice assistant and speech recognition software and technology integrated in many consumers' automobiles. (*See generally id.* ¶¶ 18-42).

Plaintiffs plead claims against Defendant under four counts for violating four provisions of Section 15 of BIPA: (I) Section 15(a), which requires, among other things, that private entities in possession of biometric information make publicly available a biometric data retention policy and destruction guidelines, 740 ILCS 14/15(a); (II) Section 15(b), which requires private entities that obtain biometrics to make certain disclosures and obtain the subject's informed consent to collection, 740 ILCS 14/15(b); (III) Section 15(c), which prohibits private entities from selling, leasing, trading or otherwise profiting from an individual's biometric information, 740 ILCS 14/15(c); and (IV) Section 15(d), which requires private entities in possession of biometrics to obtain informed consent to disclose or disseminate an individual's biometric information, 740 ILCS 15(d).

On April 28, 2023, Defendant removed this action to federal court. (*See generally* Dkt. 4). Defendant's Notice of Removal asserts that this Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), but the Notice of Removal is silent as to whether the prerequisites to Article III jurisdiction are satisfied.

III.   **LEGAL STANDARD**

"A defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Markets Inc.*, 419 F.3d 649, 653 (7th Cir. 2005) *vacated on other grounds*, 548 U.S. 901 (2006) (citing 28 U.S.C. § 1441(a)). Accordingly, "subject-matter jurisdiction is the first issue in any case" removed to federal court. *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019).

"Article III standing is a threshold requirement of federal subject-matter jurisdiction." *Kislov v. Am. Airlines, Inc.*, 566 F. Supp. 3d 909, 913 (N.D. Ill. 2021) (citing *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018)). Because Defendant is the removing party and thus the party invoking federal jurisdiction, it "bears the burden of establishing federal jurisdiction" and Plaintiffs' standing. *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017); *Collier*, 889 F.3d at 896 ("As the party invoking federal jurisdiction, [Defendant] had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal."). When determining whether a defendant has met this burden, the Seventh Circuit has cautioned that "[c]ourts should interpret the removal statute narrowly," *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009), and resolve doubts about removal in favor of the plaintiffs' choice of forum in state court, *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

If at any time after removal "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). And where, as here, some parts of a single suit are within federal jurisdiction but others are not, "then the federal court must resolve the elements within federal jurisdiction and remand the rest . . . ." *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010).

IV.   **ARGUMENT**

Although it is Defendant's burden as the removing party and proponent of federal jurisdiction to demonstrate that Plaintiffs have Article III standing, Defendant will be unable to do so here. The Seventh Circuit's decisions in *Bryant* and *Thornley* definitively establish that Plaintiffs' allegations in support of their Section 15(a) and 15(c) BIPA claims do not fulfill the injury-in-fact requirement for Article III standing. Those claims must therefore be severed and remanded to state court.

A.   **Under *Bryant*, The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Section 15(a) Claims.**

The Seventh Circuit's decision in *Bryant* establishes that Plaintiffs' Section 15(a) BIPA claims are not sufficiently particularized for Article III purposes, and thus do not confer standing in federal court.

Section 15(a) of BIPA states, in relevant part, that companies "in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information . . . ." 740 ILCS 14/15(a). In *Bryant*, the Seventh Circuit held that a failure to comply with Section 15(a)'s publication requirements involves a violation of a duty "owed to the public generally, not to particular persons," so the claims do not cause a particularized injury sufficient for Article III standing. *Bryant*, 958 F.3d 626; *Kashkeesh*, No. 1:21-cv-03229, at 4 ("standing cannot rest on a mere violation of Section 15(a)'s publication duty").

The Seventh Circuit reaffirmed its holding in *Bryant* in *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146 (7th Cir. 2020). In *Fox*, however, the Seventh Circuit drew a distinction between Section 15(a) claims based on "a mere failure to *publicly disclose* a data-retention

policy"—which isn't sufficient to confer standing—and claims that a defendant failed to "*comply with*" that policy, which can be sufficient. *Id.* at 1154-55 (emphasis added).

Under *Bryant* and *Fox,* it follows that the Court lacks subject matter jurisdiction over Plaintiffs' Section 15(a) claims here. Plaintiffs solely allege—like the *Bryant* plaintiff but unlike the *Fox* plaintiff—that Defendant failed to develop a publicly available data retention policy as required by Section 15(a). (Compl. ¶¶ 53-56). Plaintiffs do not allege that Defendant has violated Section 15(a) by unlawfully retaining their biometrics or by failing to comply with a biometrics retention policy.

Courts in this District have consistently held that Section 15(a) claims like Plaintiffs' are insufficient to confer Article III standing, thus precluding the assertion of federal subject matter jurisdiction over those claims. *See, e.g.*, *King v. PeopleNet Corp.*, No. 21-cv-2774, 2021 WL 5006692, at *4 (N.D. Ill. Oct. 28, 2021); *Kislov*, 566 F. Supp. 3d at 913-15; *Colon v. Dynacast, LLC*, No. 20-cv-3317, 2021 WL 492870, at *5 (N.D. Ill. Feb. 10, 2021) ("[T]he Court reads the complaint as alleging a section 15(a) claim based only on Defendant's failure to publish its data policy—not Defendant's failure to comply with any data policy. As explained in *Bryant, the Court lacks jurisdiction over this claim.*" (emphasis in original))*; Marquez v. Google LLC*, No. 20-cv-4454, 2020 WL 6287408, at *2 (N.D. Ill. Oct. 27, 2020) (remanding Section 15(a) claim under *Bryant* where the plaintiff alleged the defendant failed to "provide a publicly available written policy regarding its schedule and guidance for the retention and permanent destruction of individuals' biometrics"); *Burlinski v. Top Golf USA Inc.*, No. 19-cv-06700, 2020 WL 5253150, at *4 (N.D. Ill. Sept. 3, 2020).

In sum, because Count I seeks relief only under the first provision of Section 15(a), which *Bryant* held is insufficient to confer Article III standing, and Plaintiffs do not allege that

Defendant has violated Section 15(a) by unlawfully retaining their biometrics or otherwise failing to comply with a biometrics retention policy, this Court lacks jurisdiction over Plaintiffs' Section 15(a) claims.

**B.     Under *Thornley*, The Court Also Lacks Subject Matter Jurisdiction Over Plaintiffs' Section 15(c) Claims.**

Like Plaintiffs' Section 15(a) claims, their claims under Section 15(c) involve a statutory violation that is "a general, regulatory violation, not something that is particularized . . . and concrete[.]" *Thornley*, 984 F.3d at 1247. Therefore, just as with Plaintiffs' Section 15(a) claims, Defendant will be unable to meet its burden of establishing that the Court has Article III subject matter jurisdiction over Plaintiffs' 15(c) claims.

Section 15(c) of BIPA states that "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c). The Seventh Circuit in *Thornley* held that Section 15(c) of BIPA merely establishes a general regulatory rule that "prohibits the operation of a market in biometric identifiers and information." 984 F.3d at 1247. This general rule "addresses only the regulated entity—the collector or holder of the biometric data—and flatly prohibits for-profit transactions," but it does not require a plaintiff to allege some "particularized injury resulting from the commercial transaction." *Id.* In other words, Section 15(c) violations do not require "allegations of concrete and particularized harm to the plaintiffs." *Id.*

The *Thornley* court concluded that the general regulatory rule of Section 15(c), like the one in Section 15(a), is insufficient to confer Article III standing unless it is accompanied by additional allegations of concrete harm. *Id.* ("It is enough to say that [Section 15(c)] is the same kind of general regulation as the duty to create and publish a retention and destruction schedule

found in section 15(a), at least when the plaintiff asserts no particularized injury resulting from the commercial transaction."). The court hypothesized that a plaintiff might be able to allege an Article III injury-in-fact under Section 15(c) by asserting some separate, personalized harm beyond just a violation of Section 15(c) itself, such as being deprived of the opportunity to profit from the plaintiff's own biometrics. *Id.* But the court ultimately found that no such allegations were present. *Id.*

Here, as in *Thornley*, Plaintiffs' Section 15(c) claims are based solely on a violation of Section 15(c)'s prohibition against profiting from biometrics. Specifically, Plaintiffs assert that Defendant violated Section 15(c) by "profit[ing] from the biometrics it obtained from Plaintiffs and the other Class members, because Defendant profits from selling the Cerence Drive platform to its automobile manufacturer customers, and because Defendant uses end-users' biometrics to fulfill the services it provides to its customers in exchange for compensation." (Compl. ¶ 80). However, Plaintiffs do not allege any additional, personalized harm beyond a violation of the statutory prohibition on profiting from biometrics. Accordingly, Plaintiffs' Section 15(c) count asserts only a statutory aggrievement, as opposed to some other concrete and particularized harm. Moreover, like the *Thornley* plaintiff, Plaintiffs seek only statutory, rather than actual, damages for Defendant's alleged violations of Section 15(c).

The court in *Carpenter v. McDonald's Corp.*, No. 1:21-cv-02906, 2021 WL 6752295, at **4-5 (N.D. Ill. Nov. 1, 2021) applied *Thornley* to allegations identical to those pled here. In *Carpenter*, the plaintiff alleged that the defendant "profited from [the plaintiff's] biometrics' in Illinois," which the court found to be "little . . . more than a recitation of the general regulatory violation proscribed by Section 15(c)." *Id.* The *Carpenter* court concluded that the plaintiff "ultimately alleges a general regulatory violation and nothing close to the type of personal,

individual harm that the *Thornley* court observed might confer Article III standing." *Id.* The court also noted that its conclusion was "bolstered by Plaintiff's insistence that he 'seeks only statutory, rather than actual, damages for Defendant's alleged violation of Section 15(c).'" *Id.* The same is true here.

Since Plaintiffs' Section 15(c) allegations are nearly identical to those in *Thornley* and *Carpenter*, Plaintiffs' allegations amount to only a procedural violation of Section 15(c), and thus do not confer Article III standing.

**C.     Pursuant to 28 U.S.C. 1447(c), Plaintiffs' BIPA Claims Under Section 15(a) And 15(c) Must Be Severed And Remanded.**

Because binding Seventh Circuit precedent precludes the assertion of federal subject matter jurisdiction over Plaintiffs' Section 15(a) and Section 15(c) claims, those claims must be remanded. Where a district court lacks subject matter jurisdiction over claims removed to federal court, the only appropriate disposition is to remand to the originating state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added)); *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994) (holding that "the district court erred in dismissing" a removed claim over which it did not have subject matter jurisdiction, because the court "was required under § 1447(c) to remand the claim to the state court from which it was removed"). And where, as here, "some parts of a single suit are within federal jurisdiction, while others are not," the court must sever and remand the claims that "belong in state court." *Bergquist*, 592 F.3d at 819.

In the wake of *Bryant* and *Thornley*, numerous courts in this District have severed and remanded BIPA claims under Sections 15(a) and 15(c) for lack of subject matter jurisdiction. *See, e.g.*, *Kashkeesh*, No. 1:21-cv-03229, at 7 ("Because Plaintiffs do not have Article III

- 9 -

standing to pursue their Section 15(a) and 15(c) claims, their motion to remand those claims is granted); *Carpenter*, 2021 WL 6752295, at **4-5 (same); *see also Garner v. Buzz Finco LLC*, No. 3:21-cv-50457, 2022 WL 1085210, at * (N.D. Ill. April 11, 2022) ("the Court holds that [plaintiff's] complaint does not allege an injury in fact in connection with Defendants' alleged violation of Section 15(a) of [BIPA]. Thus, the Court must sever and remand that claim"); *Woods v. FleetPride, Inc.*, No. 1:21-CV-01093, 2022 WL 900163, at **3-5 (N.D. Ill. March 27, 2022) (same); *Kislov*, 566 F. Supp. 3d at 913 (severing and remanding the plaintiff's Section 15(a) claim to state court for lack of Article III subject matter jurisdiction); *Colon v. Dynacast, LLC*, No. 20-cv-3317, 2021 WL 492870, at *5 (N.D. Ill. Feb. 10, 2021) (same); *Marquez*, 2020 WL 6287408, at **2-3 (same); *Burlinski*, 2020 WL 5253150, at *4 (same); *Kloss v. Acuant, Inc.*, No. 19-cv-6353, 2020 WL 2571901, at *2 (N.D. Ill. May 21, 2020) (same).

Importantly, Plaintiffs' inability to proceed with their Section 15(a) and Section 15(c) claims before this Court does not preclude them from pursuing those claims in state court. "[F]ederal courts and Illinois courts define 'injury-in-fact' differently," and "standing requirements in Illinois courts are more lenient than those imposed by Article III." *Bryant*, 958 F.3d at 622. Indeed, the Illinois Supreme Court has deliberately chosen not "to follow federal law on issues of standing, and has expressly rejected federal principles of standing." *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895, 917 n.4 (Ill. 2010). As a result, "State law of standing . . . tends to vary in the direction of greater liberality." *Greer v. Ill. Hous. Dev. Auth.*, 524 N.E.2d 561, 574 (Ill. 1988); *Duncan v. FedEx Office & Print Servs., Inc.*, 123 N.E.3d 1249, 1256 (Ill. App. Ct. 2019) ("Illinois courts generally are not as restrictive as federal courts in recognizing the standing of a plaintiff to bring a claim. Although federal law and Illinois law both require an injury in fact to find standing, it does not necessarily mean that both forums define that

requirement in the same way." (internal citations and quotation marks omitted)).

Therefore, Plaintiffs' Section 15(a) and 15(c) claims must be severed and remanded so that the claims can properly proceed in state court.

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order: (1) granting this Motion; (2) severing and remanding Plaintiffs' claims under 740 ILCS 14/15(a) (Count I) and 740 ILCS 14/15(c) (Count III) to the Circuit Court of Cook County, Illinois; and (3) granting such further and additional relief that the Court deems reasonable and just.

Dated: May 26, 2023                     Respectfully submitted,

                                        A.P., a minor, by and through her guardian,
                                        CARLOS PENA, and CARLOS PENA, each
                                        individually and on behalf of similarly situated
                                        individuals

                                        By: /s/ *Paul T. Geske*
                                        One of Plaintiffs' Attorneys

                                        Myles McGuire
                                        Paul T. Geske
                                        Colin Primo Buscarini
                                        MCGUIRE LAW, P.C.
                                        55 W. Wacker Drive, 9th Fl.
                                        Chicago, IL 60601
                                        Tel: (312) 893-7002
                                        Fax: (312) 275-7895
                                        mmcguire@mcgpc.com
                                        pgeske@mcgpc.com
                                        cbuscarini@mcgpc.com

                                        *Counsel for Plaintiffs and the putative Class*

**<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned, certify that on May 26, 2023 I filed the foregoing *Plaintiffs' Motion to Remand* with the Clerk of Court using the Court's CM/ECF system, which will cause a copy of said document to be electronically transmitted to all counsel of record.


By: <u>/s/ *Paul T. Geske*</u>
       Paul T. Geske