IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

A.P., a minor, by and through her guardian, )
CARLOS PENA, and CARLOS PENA, )
RANDOLPH FRESHOUR, and VINCENZO )
ALLAN, each individually and on behalf of )
similarly situated individuals, )
                                                   )    No. 1:23-cv-02667
           Plaintiffs,                      )
                                                   )    Honorable Nancy L. Maldonado
    v.                                    )
                                                   )
CERENCE INC., a Delaware corporation, )
                                                   )
           Defendant.                      )

**DEFENDANT CERENCE INC.'S MEMORANDUM IN SUPPORT OF
<u>ITS MOTION TO DISMISS SECOND AMENDED COMPLAINT</u>**

Matthew C. Wolfe
Amy Y. Cho
Mehgan E. H. Keeley
SHOOK, HARDY & BACON, LLP
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
mwolfe@shb.com
acho@shb.com
mkeeley@shb.com
***Counsel for Defendant Cerence Inc.***

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION ....................................................................................................... 1

II. SUMMARY OF ALLEGATIONS .............................................................................. 2

    A. Automated Speech Recognition. ..................................................................... 3

    B. Speech Signal Enhancement. .......................................................................... 4

    C. Voice Biometrics. ............................................................................................ 4

    D. The VW Plaintiffs. .......................................................................................... 5

    E. The Mercedes Plaintiffs. ................................................................................. 6

III. LEGAL STANDARD .................................................................................................. 6

IV. ARGUMENT ............................................................................................................... 7

    A. The VW Plaintiffs Fail To Allege That Their Spoken Words Are BIPA-Protected "Biometric Information" Or "Biometric Identifiers." Their Allegations Can Be Dismissed For This Reason Alone. ....................................... 7

    B. All Plaintiffs Fail To State A Claim Under Section 15(b) Or Section 15(d) Because They Fail To Make The Plausible Allegations Routinely Required In This District. ............................................................................... 9

        1. Both sets of Plaintiffs fail to state a claim under BIPA Section 15(b) (Count I) because they do not allege that Cerence took an "active step" to collect any biometric data. ............................... 10

            a) The VW Plaintiffs ...................................................................... 10

            b) The Mercedes Plaintiffs ............................................................. 11

        2. Both sets of Plaintiffs fail to state a claim under BIPA Section 15(d) (Count II) because they do not adequately plead that Cerence disseminates their data to third parties. ...................................... 11

            a) The VW Plaintiffs ...................................................................... 12

            b) The Mercedes Plaintiffs ............................................................. 13

V. CONCLUSION .......................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................................. 6

*Brooks v. Ross*,
 578 F.3d 574 (7th Cir. 2009) ............................................................................................... 6

*Brownmark Films, LLC v. Comedy Partners*,
 682 F.3d 687 (7th Cir. 2012) ............................................................................................... 7

*Daichendt v. CVS Pharmacy, Inc.*,
 2022 WL 17404488 (N.D. Ill. Dec. 2, 2022). ............................................................. 1, 7, 8

*Dinerstein v. Google, LLC*,
 73 F.4th 502 (7th Cir. 2023) ................................................................................................ 8

*Heard v. Becton, Dickinson & Co.*,
 440 F. Supp. 3d 960 (N.D. Ill. 2020) .................................................................. 2, 10, 12, 13

*Jacobs v. Hanwha Techwin Amer., Inc.*,
 2021 WL 3172967 (N.D. Ill. July 27, 2021) ..................................................................... 10

*Jones v. Microsoft*,
 --- F. Supp. 3d ----, 2023 WL 130495 (N.D. Ill. 2023) ............................................... 10, 12

*Kerlin v. Chicago Bd. of Elections*,
 2017 WL 5295680 (N.D. Ill. Nov. 13, 2017) ...................................................................... 6

*Lax v. Mayorkas*,
 20 F.4th 1178 (7th Cir. 2021) .......................................................................................... 3, 7

*Lee v. Northeast Ill. Reg'l Commuter R.R. Corp.*,
 912 F.3d 1049 (7th Cir. 2019) ............................................................................................. 9

*Namuwonge v. Kronos, Inc.*,
 418 F. Supp. 3d 279 (N.D. Ill. 2019) ........................................................................... 10, 13

*Segal v. Geisha NYC*, LLC,
 517 F.3d 501 (7th Cir. 2008) ............................................................................................... 6

*Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*,
 562 F.3d 798 (7th Cir. 2009) ............................................................................................... 7

**Page**

*Williamson v. Curran*,
　714 F.3d 432 (7th Cir. 2013) .................................................................................. 3, 7

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................6, 7, 14

**Statutes**

740 ILCS 14/10............................................................................................................... 7

740 ILCS 14/15(d) ........................................................................................................ 13

**Other Authorities**

Adrian Smith, *VW Selects Cerence to Power Conversational AI in its Next-Gen Infotainment System*, Auto Futures (Mar. 2, 2022),
　https://archive.autofutures.tv/2022/03/02/vw-selects-cerenc/ ....................... 3, 4

*Cerence Biometrics*, Cerence, https://www.cerence.com/static-files/3c75b4eb-a017-4505-a6da-eb75617fa4f2 (last visited Aug. 14, 2023) .......................................... 5, 11, 13

*Cerence Brings Industry-Leading Voice Technologies Outside the Car with Cerence Exterior Vehicle Communication,* Cerence (Sept. 22, 2022)
　https://www.cerence.com/news-releases/news-release-details/cerence-brings-industry-leading-voice-technologies-outside-car#:~:text=To%20maintain%20safety%20and%20security,phone%20is%20in%20the%20vicinity ............................................................................................... 5

Cerence Inc., *Cerence Technology Showcase*, YouTube (Sept. 24, 2020),
　https://www.youtube.com/watch?v=uBcZ1aoL16s............................................. 4

*Cerence Powers Voice and AI-Driven Features in Next-Generation Mercedes-Benz User Experience (MBUX)*, Cerence (Dec. 15, 2020), https://cerence.com/news-releases/news-release-details/cerence-powers-voice-and-ai-driven-features-next-generation..................................................................................................... 3

*Cerence Unveils Enhanced, AI-Powered Biometrics Engine for Deeper Security and Personalization*, Cerence (Mar. 16, 2023), https://cerence.com/news-releases/news-release-details/cerence-unveils-enhanced-ai-powered-biometrics-engine-deeper ....................................................................................... 5, 11, 13

*No Buttons Needed: The New Way to Talk to Your Voice Assistant,* Cerence (Apr. 28, 2023), https://www.cerence.com/news-releases/news-release-details/no-buttons-needed-new-way-talk-your-voice-assistant ................................................ 4

*Our Four Favorite Features in the Next-Gen MBUX*, CERENCE (Sept. 2, 2020),
https://www.cerence.com/news-releases/news-release-details/our-four-favorite-features-next-gen-mbux ............................................................................................... 4, 5, 11

*Voice & Beyond*, CERENCE, https://cerence.com/cerence-products/beyond-voice (last visited Aug. 15, 2023) ........................................................................................................ 3, 4

*Volkswagen Selects Cerence to Power Voice Control in the New Fully Electric ID.3*, CERENCE (Sept. 16, 2020), https://cerence.com/news-releases/news-release-details/volkswagen-selects-cerence-power-voice-control-new-fully/#:~:text=Cerence%20provided%20core%20embedded%20and ........................... 3, 4

## I. INTRODUCTION

Based on nothing but the fact that they engaged with technology sold by Cerence Inc. ("Cerence") and embedded in automobiles by car manufacturers, Plaintiffs A.P. and Carlos Pena (the "VW Plaintiffs") and Randolph Freshour and Vincenzo Allan (the "Mercedes Plaintiffs") (collectively, "Plaintiffs") seek relief under the Illinois Biometric Information Privacy Act ("BIPA"). But neither group plausibly supports their conclusory allegations.

Absent from the Second Amended Class Action Complaint ("Second Amended Complaint" or "SAC") is any plausible allegation that Cerence actually ever collected, possessed, or disclosed Plaintiffs' biometric identifiers or information. This Second Amended Complaint therefore must be dismissed for three reasons:

*First*, the VW Plaintiffs fail to plead that their spoken words are BIPA-protected "biometric information" or "biometric identifiers." Those categories include only data capable of identifying users, "the foundational aspect of a BIPA claim." *Daichendt v. CVS Pharmacy, Inc.*, No. 2022 CV 3318, 2022 WL 17404488, at *5 (N.D. Ill. Dec. 2, 2022). Unsurprisingly, the VW Plaintiffs repeatedly try to meet this requirement by vaguely alleging that Cerence can "determine the[ir] identit[ies]." *See, e.g.*, SAC ¶ 26, ECF No. 24. Fatally missing is any allegation that Plaintiffs provided any identifying information, such as their names, before telling the car to "play[] music." *Id.* ¶ 49. BIPA covers none of the information that the VW Plaintiffs describe because there is no way to identify them based on the data at issue. Because the VW Plaintiffs failed to remedy this flaw in their First Amended Complaint, their claims should be dismissed with prejudice.

*Second*, Count I (Section 15(b)) must be dismissed because neither group of Plaintiffs alleges that Cerence took an "active step" to collect their purported voiceprints. The Second Amended Complaint does nothing more than vaguely assert that Cerence "collects" or "captures" their data, which is "integrated" into vehicles. *See, e.g.,* SAC ¶¶ 2–4. What's more, the Mercedes

Plaintiffs plead themselves out of court by incorporating facts that the technology they used was completely embedded in their vehicles, and thus, Cerence never took an active step to collect any data. *See, e.g., Cerence Unveils Enhanced, AI-Powered Biometrics, infra,* at 4; *Cerence Biometrics, infra*, at 5. Courts in this District, however, require an allegation that a defendant affirmatively *did something* to collect data to state a claim under Section 15(b). *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 966–67 (N.D. Ill. 2020) ("*Heard I*") (dismissing BIPA Section 15(b) claim for failure to allege defendant took such an "active step"). Plaintiffs' allegations fall short.

***Third***, Count II (Section 15(d)) must be dismissed for the additional reason that Plaintiffs fail to allege any facts to support their "information and belief" that Cerence disseminates their data to third parties. *See, e.g.*, SAC ¶¶ 53, 60, 67. The VW Plaintiffs' allegations, at most, allow for an inference that, after a passenger makes a voice command to Cerence (*i.e.*, asking for directions), Cerence makes its own command to a third party (*i.e.*, to turn on navigation in the vehicle). As stated above, the Mercedes Plaintiffs incorporate facts showing that the technology they used is embedded in their own vehicles, and thus, no biometric data ever reached Cerence. Courts in this District have dismissed numerous Section 15(d) claims as unsupported by facts and should do the same here. *See, e.g., Heard I*, 440 F. Supp. 3d at 968–69 (dismissing Section 15(d) claim when plaintiff alleged data was disclosed "solely on 'information and belief'").

## II. <u>SUMMARY OF ALLEGATIONS</u>

Cerence is a technology company that sells software to automobile manufacturers. SAC ¶ 1. Cerence provides manufacturers with a menu of options to choose from, purchase, and install into their vehicles before they are sold to consumers. Relevant here, Cerence offers three distinct types of technology: (1) automated speech recognition; (2) speech signal enhancement; and (3) voice biometrics. *See Voice & Beyond*, CERENCE, https://cerence.com/cerence-

products/beyond-voice (last visited Aug. 15, 2023) (distinguishing Cerence's products) (cited in SAC ¶ 27 n.3 and Fig. 1); *Cerence Powers Voice and AI-Driven Features in Next-Generation Mercedes-Benz User Experience (MBUX)*, CERENCE (Dec. 15, 2020), https://cerence.com/news-releases/news-release-details/cerence-powers-voice-and-ai-driven-features-next-generation (same) (cited in SAC ¶ 29 n.4).[1] Plaintiffs confuse and meld these three products together in the Second Amended Complaint, but the Volkswagen and Mercedes vehicles at issue involve different technologies.[2]

### A. Automated Speech Recognition.

Cerence's automated speech recognition technology recognizes spoken words, without any identifying features, and is used to execute commands. *See* Adrian Smith, *VW Selects Cerence to Power Conversational AI in its Next-Gen Infotainment System*, AUTO FUTURES (Mar. 2, 2022), https://archive.autofutures.tv/2022/03/02/vw-selects-cerenc/ (cited in SAC ¶ 38 n.9). This technology is integrated into Volkswagen vehicles. *See id.; Volkswagen Selects Cerence to Power Voice Control in the New Fully Electric ID.3*, CERENCE (Sept. 16, 2020), https://cerence.com/news-releases/news-release-details/volkswagen-selects-cerence-power-voice-control-new-fully/#:~:text=Cerence%20provided%20core%20embedded%20and (cited in SAC ¶ 46 n.12). This technology does not involve biometrics.

---

[1] Although a court ruling on a motion to dismiss generally limits review to the complaint, this Court may consider the webpages cited throughout this Motion to Dismiss under the incorporation-by-reference doctrine because Plaintiffs pick and choose from them throughout their Second Amended Complaint. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *Lax v. Mayorkas*, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021).

[2] The various Mercedes vehicles referenced in the SAC involved different technologies, though Cerence is not addressing this distinction at the pleading stage.

B.  **Speech Signal Enhancement.**

Cerence's speech signal enhancement technology is an audio-filtering technology that identifies where a voice is coming from. Such technology is commonly used in, for example, cell phone and computer microphones to filter out background noise. *See Voice & Beyond, supra,* at 2–3 (explaining SSE is a "suite of sound processing technologies that remove noise from microphone inputs"); Smith, *supra*, at 3 (same); *No Buttons Needed: The New Way to Talk to Your Voice Assistant,* CERENCE (Apr. 28, 2023), https://www.cerence.com/news-releases/news-release-details/no-buttons-needed-new-way-talk-your-voice-assistant (explaining SSE's function is to "subtract … unwanted signals from everything the microphones pick up [to] suppress the background noise"); Cerence Inc., *Cerence Technology Showcase*, YOUTUBE (Sept. 24, 2020), https://www.youtube.com/watch?v=uBcZ1aoL16s (demonstrating noise-canceling technology) (cited in SAC ¶ 32 n.5). This technology is integrated in both Volkswagen and Mercedes vehicles. *Volkswagen Selects Cerence, supra,* at 3*; Our Four Favorite Features in the Next-Gen MBUX*, CERENCE (Sept. 2, 2020), https://www.cerence.com/news-releases/news-release-details/our-four-favorite-features-next-gen-mbux. This technology does not involve biometrics.

C.  **Voice Biometrics.**

Cerence's voice biometric technology[3] saves personalized profiles containing a user's spoken passphrase (e.g., "Hey Mercedes") and driving preferences (e.g., radio station). *See Voice & Beyond*, *supra*, at 2–3. "[F]or security and convenience," the software is embedded in the vehicle. *Cerence Unveils Enhanced, AI-Powered Biometrics Engine for Deeper Security and Personalization*, CERENCE (Mar. 16, 2023), https://cerence.com/news-releases/news-release-

---

[3]  Cerence does not concede that the voice biometric technology it sells collects data that falls within the definitions of "biometric identifier" or "biometric information" under BIPA, but for purposes of this motion, takes Plaintiffs' allegation that it does as true.

4

details/cerence-unveils-enhanced-ai-powered-biometrics-engine-deeper ("providing the highest identification accuracies in a low-footprint, *embedded* solution" that is "[a]rchitected to be *embedded* within the car for security and convenience")[4]; *Our Four Favorite Features, supra*, at 4 ("*the car* … activate[s] a personalized profile that *stores* information about that speaker"); *Cerence Brings Industry-Leading Voice Technologies Outside the Car with Cerence Exterior Vehicle Communication,* CERENCE (Sept. 22, 2022) https://www.cerence.com/news-releases/news-release-details/cerence-brings-industry-leading-voice-technologies-outside-car#:~:text=To%20maintain%20safety%20and%20security,phone%20is%20in%20the%20vicinity ("when the system is activated … *the car* first checks whether the user's key or phone is in the vicinity"); *Cerence Biometrics*, CERENCE, https://www.cerence.com/static-files/3c75b4eb-a017-4505-a6da-eb75617fa4f2 (last visited Aug. 14, 2023) (clarifying that "[u]nlike other technology offerings, data and customer information are retained and owned by the OEM[5] throughout deployments").

    **D.**    **The VW Plaintiffs.**

The VW Plaintiffs, a minor and her guardian, allegedly rode in a Volkswagen Model ID.4 during a "carpool." SAC ¶ 48. Plaintiffs say they "activated" Cerence's automated speech recognition technology and orally instructed it to perform tasks "like playing music, changing the temperature, and asking for directions." *Id*. ¶ 49. When they spoke, Cerence's speech signal enhancement blinked a light above their regions of the vehicle. *Id*. But, crucially, nowhere in the Second Amended Complaint do the VW Plaintiffs allege that they gave Cerence or Volkswagen

---

[4]     All emphases added unless otherwise indicated.

[5]     An Original Equipment Manufacturer ("OEM") manufactures and sells products or parts of a product; here, it refers to the car manufacturers.

any information to identify them, like their names. In other words, the Volkswagen Plaintiffs never allege that they provided the fundamental information needed for any biometric feature to work.

   E.   **The Mercedes Plaintiffs.**

The Mercedes Plaintiffs allege that they (collectively) own four Mercedes vehicles that are integrated with Cerence's voice biometric technology. SAC ¶ 55 (Plaintiff Freshour, an AMG GLC43); ¶ 61 (Plaintiff Allan, an AMG C 63 S, an S 580, and an E 63 S). Without distinguishing the technology embedded within the four Mercedes vehicles, the Mercedes Plaintiffs allege that, after they registered their voices, names, and email addresses with the embedded software, they said "Hey Mercedes" to prompt the car to carry out tasks. *Id.* ¶¶ 57–58, 64–65. Critically, they do not allege facts supporting their unsupported belief that the data ever made its way to Cerence's cloud.

**III.   LEGAL STANDARD**

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555; *Kerlin v. Chicago Bd. of Elections*, No. 16-cv-7424, 2017 WL 5295680, at *2 (N.D. Ill. Nov. 13, 2017). Plaintiffs cannot satisfy *Twombly* by "merely parrot[ing] statutory language of the claims that they are pleading … rather than providing some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Dismissal pursuant to Rule 12(b)(6) is appropriate where the "facts" pled are entirely speculative and "cannot result in any plausible relief." *Segal v. Geisha NYC*, LLC, 517 F.3d 501, 504 (7th Cir. 2008). Moreover, where a plaintiff "has alleged facts in his complaint that necessarily preclude relief," he pleads themselves out of court, and the lawsuit must be dismissed

under Rule 12(b)(6). *See Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 810 (7th Cir. 2009).

In ruling on a Motion to Dismiss, a court may consider, in addition to the allegations set forth in the complaint itself, documents that are central to the complaint and are referred to in it. *See Williamson*, 714 F.3d at 436; *Lax*, 20 F.4th at 1181 n.1. "In effect, the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment. The doctrine prevents a plaintiff from 'evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit.'" *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (internal citation omitted).

IV.  **ARGUMENT**

    A.    **The VW Plaintiffs Fail To Allege That Their Spoken Words Are BIPA-Protected "Biometric Information" Or "Biometric Identifiers." Their Allegations Can Be Dismissed For This Reason Alone.**

BIPA governs the collection and possession of "biometric identifiers" and "biometric information." The statute defines "biometric *identifier*" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10. "Biometric information" means "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier *used to identify* an individual." *Id*. Accordingly, plaintiffs are not entitled to relief under BIPA unless they allege that the relevant technology made a defendant capable of determining their *identities*. *CVS*, 2022 WL 17404488, at *5 (granting motion to dismiss BIPA Section 15(b) claim based on passport photograph technology for failure to "allege that defendant's collection of [plaintiffs'] biometric data made defendant <u>capable of</u> determining their identities") (emphasis in original). Relatedly, the Seventh Circuit recently recognized that

collection or storage of anonymized data is not an actionable injury. *See Dinerstein v. Google, LLC*, 73 F.4th 502, 512–16 (7th Cir. 2023) (no standing to sue for privacy violation allegedly arising out of anonymized medical records).

Aware of that standard, the VW Plaintiffs predictably parrot conclusory allegations without sufficient particularity: SAC ¶ 26 ("Cerence Drive's speech recognition technology is capable of … identifying the person who made a particular voice command"); ¶ 31 ("Cerence Drive's voice assistant software can determine who may be making a voice command"); ¶ 49 ("Cerence identified each Plaintiff by their voiceprint"). But taking their other allegations as true, it is not plausible that Cerence could have linked their voices to any of their identifying characteristics—the foundational element of voice biometrics. That's because the VW Plaintiffs never allege that they gave Cerence any of their identifying information—not even their names—to which Cerence could link their purported "voiceprints."

The VW Plaintiffs' allegations are like those in *CVS*. In that case, the Court dismissed the Complaint because, as relevant here, it did not allow for a reasonable inference that the defendant's technology could connect any data to the users' identities. *See CVS*, 2022 WL 17404488, at *5. Like here, the plaintiffs in *CVS* never alleged "they provided [the] defendant with any information, such as their names or physical or email addresses, that could connect the [alleged biometric identifiers] with their identities." *See id*. (dismissing claim for "fail[ure] to plead the most foundational aspect of a BIPA claim"). The only information Plaintiffs gave Cerence was verbal orders to "play[] music, chang[e] the temperature, and ask[] for directions." SAC ¶ 49.

The VW Plaintiffs have not—and cannot—amend their allegations to state a BIPA claim. They did not use their opportunity to amend to add the crucial allegation that they provided any identifying information to Cerence. In fact, they made their latest Complaint even vaguer by

removing their own specific allegations in their First Amended Complaint that Cerence collects and stores location data and other personally identifiable information when users engage with its platform. *Compare* First Amended Class Action Complaint ("FAC") ¶ 43 (alleging "[o]n information and belief" that "Cerence Drive also collects and stores location data and other personal identifiable information when users engage with its platform") *with* SAC (omitting that allegation as to the VW Plaintiffs), ECF No. 17. This was not an oversight: Their new co-Plaintiffs, who used a different technology, made such allegations. SAC ¶ 56 ("As part of the process for creating the user profile, Plaintiff Freshour was required to provide his first and last name and email address.); ¶ 63 ("As part of the process for creating the user profile, Plaintiff Allan was required to provide his first and last name and email address.")

Because the VW Plaintiffs cannot amend their allegations in good faith to plead this foundational, *identifying* element of a BIPA claim, their claims should be dismissed with prejudice. *See Lee v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052–53 (7th Cir. 2019) (affirming dismissal with prejudice and explaining that courts have discretion under Federal Rule of Civil Procedure 15 to dismiss claims with prejudice "where there is … repeated failure to cure deficiencies … or where the amendment would be futile") (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### B. All Plaintiffs Fail To State A Claim Under Section 15(b) Or Section 15(d) Because They Fail To Make The Plausible Allegations Routinely Required In This District.

Alternatively and in addition, the VW Plaintiffs' claims should be dismissed for failure to state a claim that Cerence violated Section 15(b) (Count I) or Section 15(d) (Count II). The Mercedes Plaintiffs' claims should be dismissed for the same reasons. None of the Plaintiffs allege that Cerence took any "active step" to capture biometric data under Section 15(b), nor do they adequately plead that Cerence disseminated *their* data to third parties under Section 15(d).

9

### 1. Both sets of Plaintiffs fail to state a claim under BIPA Section 15(b) (Count I) because they do not allege that Cerence took an "active step" to collect any biometric data.

To state a claim under BIPA Section 15(b), Plaintiffs must allege that Cerence took an "active step" to capture their purported voiceprints. *Heard I*, 440 F. Supp. 3d at 966. Courts in this District routinely dismiss Section 15(b) claims for failing to allege that the defendant took actively "d[id] something" to collect biometric data. *See, e.g., id.*; *Jones v. Microsoft*, --- F. Supp. 3d ----, 2023 WL 130495, at *4–5 (N.D. Ill. 2023) (dismissing Section 15(b) claim); *Namuwonge v. Kronos, Inc.*, 418 F. Supp. 3d 279, 285–86 (N.D. Ill. 2019) (same). Here, Plaintiffs do not satisfy the basic requirement of alleging that Cerence affirmatively "did something" to collect their purported voiceprints.

#### a) The VW Plaintiffs

The VW Plaintiffs conclusively assert that Cerence "collect[ed]" or "capture[d]" their biometric data without specifically pleading that Cerence affirmatively does anything to collect it. SAC ¶¶ 2, 27, 30–31, 35, 37, 42–43, 50–52. Yet a BIPA complaint that "repeatedly alleges that [a] defendant 'collected' [the plaintiff's] biometric data without alleging how, when, or any other factual detail" as to the purported collection necessarily fails on its face. *Jacobs v. Hanwha Techwin Amer., Inc.*, No. 21 C 866, 2021 WL 3172967, at *3 (N.D. Ill. July 27, 2021) (dismissing BIPA Section 15(b) claim). The Second Amended Complaint also repeatedly asserts that the software is "integrated" into cars. SAC ¶¶ 4, 23–25, 41, 45. But merely alleging that Cerence "contracted with [manufacturers] to provide" its technology for integration in vehicles "does not constitute an active step or affirmative act on [Cerence's] part to get, acquire, or obtain [Plaintiffs'] biometric data." *See Jones*, 2023 WL 130495, at *4. Because the VW Plaintiffs fail to include any specific factual detail explaining *how* Cerence gained control of biometrics or "collected" their biometric data, their Section 15(b) claim must be dismissed.

### b) The Mercedes Plaintiffs

Likewise, the Mercedes Plaintiffs vaguely allege Cerence's voice biometrics software was "integrated" into their vehicles and "collect[ed]" or "capture[d]" their voiceprints. SAC ¶¶ 2, 27, 30–31, 35, 37, 42–43, 57–59, 61, 64–66. But not only do they fail to explain that Cerence took any "active step" to collect their biometric data, they also plead themselves out of court on their 15(b) claim by citing and heavily relying on materials that show the opposite. They gave their names and emails in creating their user profiles, SAC ¶¶ 56, 63, but the website they rely on in the Second Amended Complaint makes clear that it is "***the car***" (not Cerence) that "activate[s] a personalized profile that stores information about that speaker." *See Our Four Favorite Features, supra,* at 4–5. They vaguely assert that *Cerence* identified them by their voice, SAC ¶¶ 58, 65, but again rely on a website explaining that it is ***the car*** that "can identify who is speaking." *Id.* ("The new S-Class ... can identify who is speaking"). This is because the voice biometric technology is ***embedded*** in the vehicles. *See Cerence Unveils Enhanced, AI-Powered Biometrics, supra,* at 4 ("providing the highest identification accuracies in a low-footprint, *embedded* solution" that is "architected to be *embedded* within the car for security and convenience"); *Cerence Biometrics, supra,* at 5 ("OEM-controlled relationships: Unlike other technology offerings, data and customer information are *retained and owned by the OEM* throughout deployments").

Because the Mercedes Plaintiffs do not explain how Cerence could have received (let alone taken an "active step" to capture) data from the embedded software, they have failed to state a claim under Section 15(b).

### 2. Both sets of Plaintiffs fail to state a claim under BIPA Section 15(d) (Count II) because they do not adequately plead that Cerence disseminates their data to third parties.

Plaintiffs also do not plausibly allege that Cerence disseminated Plaintiffs' biometric data to third parties in violation of BIPA Section 15(d). To state a claim, Plaintiffs must do more than

allege that their data was disclosed based on mere "information and belief." *Jones*, 2023 WL 130495, at *4–5 (dismissing BIPA Section 15(d) claim when allegations of disclosure were based merely on "information and belief"). They must plead factual support to explain the basis for their suspicion. *Heard I,* 440 F. Supp. 3d at 969 (dismissing BIPA Section 15(d) claim for same reason; "[t]he court is not required to credit rank speculation").

### a) The VW Plaintiffs

The VW Plaintiffs' allegations are too conclusory to proceed. They allege that, "[o]n information and belief, Defendant has disclosed or otherwise disseminated the biometrics of Plaintiffs and the Class members to third party companies" because the "Cerence Drive platform utilizes user voice commands when connecting with and interfacing with third-party services such as cloud storage, external content services, and third-party assistants." SAC ¶ 91. They add that "Cerence Drive can use voice commands to log into third-party services to find destinations, provide navigation routes, make purchases, and play music." *Id*. ¶ 40.

Fatal to their claim, the VW Plaintiffs allege no facts supporting their "belief" that, through this sequence of events, Cerence sends *their* biometric data to third parties. At most, the allegations allow for the reasonable inference that, after a passenger makes a voice command (*i.e.*, asking for directions), Cerence makes its *own* command to a third party (*i.e.*, turn on navigation in the vehicle). Moreover, the VW Plaintiffs do not plausibly allege that they provided any personal information at all, so no biometric data of theirs plausibly could have been disclosed.

This case resembles those dismissing BIPA Section 15(d) claims that were vague and unsupported by facts. In *Heard I*, the Court dismissed such a claim because the plaintiff alleged no facts which, if true, suggested there was a basis to suspect the defendant disseminated his biometric data to third parties. 440 F. Supp. 3d at 969. Like the VW Plaintiffs, his allegations engaged in nothing more than "rank speculation." *Id*. And in *Namuwonge*, the Court dismissed

another Section 15(d) claim based on "information and belief" that the defendant "disclosed her fingerprints to other third parties" as too speculative. 418 F. Supp. 3d at 285. Similarly, the VW Plaintiffs cite only their own "information and belief" to explain their assumptions that Cerence's collaboration with third parties necessarily includes the dissemination of their biometrics.

The VW Plaintiffs plead no facts to explain the basis for their speculative allegations, and their Section 15(d) claim should be dismissed.

### b) The Mercedes Plaintiffs

The Mercedes Plaintiffs likewise fail to state a claim under Section 15(d) because they do not plausibly allege that Cerence "possess[ed]" their data. *See* 740 ILCS 14/15(d) (governing entities "in *possession* of" biometric data). Specifically, they fail to link their assertions about the voice biometric technology to their allegations about Cerence's cloud. In melding together Cerence's many products, they make overly broad allegations that Cerence "powers" products with "cloud hosting" and shifts data between the cloud and technology in vehicles. *See* SAC ¶¶ 36, 39. But, again, the voice biometric technology is **embedded** in their vehicles. *See Cerence Unveils Enhanced, AI-Powered Biometrics, supra,* at 4; *Cerence Biometrics, supra*, at 5. Their greatest attempt to link the embedded voice biometric technology to Cerence's cloud is a conclusory allegation that "on information and belief, Defendant unlawfully disclosed … biometrics to its third-party cloud and data storage vendors." SAC ¶¶ 60, 67. But information and belief, without more, is not enough. *Heard I*, 440 F. Supp. 3d at 969; *Namuwonge,* 418 F. Supp. 3d at 285.

Because the Mercedes Plaintiffs' 15(d) allegations are unsupported by facts, their claim must likewise be dismissed.

## V. CONCLUSION

For the foregoing reasons, Cerence Inc. respectfully moves this Court to dismiss with prejudice Plaintiffs' claims under BIPA Sections 15(b) and 15(d) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dated: August 17, 2023

Respectfully submitted,

CERENCE INC.

By: _/s/ Matthew C. Wolfe_

Matthew C. Wolfe (#6307345)
Amy Y. Cho (#6303051)
Mehgan E. H. Keeley (#6336155)
SHOOK, HARDY & BACON, LLP
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
mwolfe@shb.com
acho@shb.com
mkeeley@shb.com
***Counsel for Defendant Cerence Inc.***

# CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies and states that on August 17, 2023, he caused a true and correct copy of **DEFENDANT CERENCE INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS SECOND AMENDED COMPLAINT** to be electronically filed with the Court via the Court's CM/ECF system, which will serve notice of filing on all counsel of record.

                                                   */s/ Matthew C. Wolfe*