UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDOLPH FRESHOUR and VINCENZO ALLAN, each individually and on behalf of similarly situated individuals, <br><br> *Plaintiffs*, <br><br> v. <br><br> CERENCE INC., a Delaware corporation, <br><br> *Defendant.* | No. 1:23-cv-02667 <br><br> Hon. Virginia M. Kendall <br><br> Magistrate Judge M. David Weisman |

## JOINT STATUS REPORT

Pursuant to the Court's June 5, 2025 Order, Plaintiffs Randolph Freshour and Vincenzo Allan, and Defendant Cerence Inc. respectfully submit this joint status report regarding the current status of discovery.

### I. STATUS OF REQUESTED DEPONENTS

**1. Cerence's Position**

Cerence has served notices for Plaintiffs Freshour's deposition on June 18, 2025, and Plaintiff Allan's deposition on July 11, 2025.

The parties have confirmed dates and locations for the following deponents requested by Plaintiffs:

1. John Cashman (U.S. witness): July 10, 2025 in Chicago

2. Stefan Hamerich (German witness): July 15, 2025 in Boston

3. Michael Tropp (German witness): July 17, 2025 in Boston

Plaintiffs have identified five additional witnesses that they wish to depose. Cerence has performed fact investigations into each of these individuals, many of whom live in Germany and, under German law, cannot be deposed there remotely, and could not find the documents that Plaintiffs' counsel referenced at the last hearing as "clearly substantively related to the claims at issue." Given these individuals' lack of relevance and/or burden of travel, Cerence does not think it is appropriate to set dates for their depositions before the already-scheduled witnesses are deposed. "[D]iscovery is not a never-ending excursion ticket under today's Rule 26(b)(1) because proportionality has added a new and important limit on the relevant matters that civil litigants may explore." *Heard v. Becton, Dickinson & Co.*, No. 19-cv-4158, 2023 WL 9692223, at *2 (N.D. Ill. Nov. 28, 2023) (Fuentes, J.).

The information that Cerence sent to Plaintiffs on June 11, 2025 is set forth in more detail below. Plaintiffs substantively responded and introduced new issues the evening before this filing; Cerence is reviewing and hopes to be in a position to respond before the June 16, 2025 hearing.

1. **Roman Steiger**: Cerence is not willing to fly Mr. Steiger from Germany at this time and does not think it is appropriate to set a date at this time. Cerence is willing to revisit the issue after the depositions of Mr. Cashman, Mr. Tropp, Mr. Hamerich, and 30(b)(6) witness(es). It is unlikely that Mr. Steiger has relevant knowledge distinct from already-scheduled witnesses. Despite being a "full file collect custodian," Mr. Steiger only had 25 responsive documents to produce. His documents are about the Nuance Voice Biometric product, an issue on which the already-scheduled custodians have collectively produced hundreds of documents, and about which they will be able to testify. Additionally, some of Mr. Steiger's produced documents are near-duplicates of documents produced by Mr. Hamerich.

2. **Jorge Tsuboyama**: Cerence does not think it is appropriate to set a date for Mr. Tsuboyama's deposition at this time. Mr. Tsuboyama is a manager of cloud services. Because Voice Biometric Product data isn't stored in the cloud, he does not have knowledge about the Voice Biometric product or other relevant knowledge that would be distinct from already-scheduled witnesses. He is copied on 5 produced emails, all of which also include Mr. Tropp and/or Mr. Cashman. Again, Mr. Tsuboyama has never had exposure to the Voice Biometric Product. His team only works on Cerence's cloud. Cerence has produced documents explaining, and already-scheduled witness(es) can testify, that Cerence's cloud has no connection to the Voice Biometric Product (now or during the statutory period). Additionally, Cerence began to provide cloud services for non-biometric products for Mercedes-Benz in December 2023, after Plaintiffs filed this lawsuit alleging that they used Cerence products.

3. **Udo Haiber:** Cerence is not willing to fly Mr. Haiber from Germany at this time and does not think it is appropriate to set a date at this time. We are willing to revisit the issue after the depositions of Mr. Cashman, Mr. Tropp, Mr. Hamerich, and 30(b)(6) witness(es). Mr. Haiber is not likely to have relevant knowledge distinct from the already-scheduled witnesses. All of the produced emails with Mr. Haiber, except for one, also include Mr. Hamerich, Mr. Cashman, or Mr. Tropp. The <u>one</u> exception is an email covering Voice Biometry Spoofing for Daimler, a topic on which the already-scheduled witnesses have separately produced nearly 20 documents and will be able to testify.

4. **Holger Quast**: Cerence does not plan to produce Mr. Quast. Mr. Quast is a former employee, and he is unlikely to have relevant knowledge distinct from already-scheduled witnesses. Additionally, all of the produced emails with Mr. Quast also include Mr. Hamerich or Mr. Tropp.

5. **Jochen Hardegger**: Cerence is not willing to fly Mr. Hardegger from Germany at this time does not think it is appropriate to set a date at this time. Cerence is willing to revisit the issue after the depositions of Mr. Cashman, Mr. Tropp, Mr. Hamerich, and 30(b)(6) witness(es). It is unlikely that Mr. Hardegger has relevant knowledge distinct from already-scheduled witnesses. He produced 4 "go get" documents, 3 which are near-duplicates of documents produced by Mr. Hamerich. The majority of the produced emails with Mr. Hardegger's name also include Mr. Hamerich and/or Mr. Tropp. The few exceptions are documents about the Voice Biometric product, a topic on which the already-scheduled witnesses have separately produced hundreds of documents and will be able to testify.

6. **Plaintiffs' Position**

At the outset, Plaintiffs wish to clarify that this status report is not the appropriate forum to litigate the substantive merits of a motion for protective order (as none has been filed) or a motion to compel discovery, which now appears ripe given Cerence's newly articulated stances. For the first time, Defendant has refused to produce several key individuals—Roman Steiger, Jorge Tsuboyama, Udo Haiber, Holger Quast, and Jochen Hardegger—for depositions, citing purported lack of relevance, redundancy, and logistical burdens, including the unwillingness to facilitate travel from Germany. This refusal comes despite Plaintiffs being well below the FRCP 30(a)(2)(A) limit on the number of depositions per party. The belated articulation of Defendant's position, provided on June 11, 2025, and further detailed herein, underscores the necessity of a formal motion to compel, which Plaintiffs will draft and file in the coming weeks as necessary to the extent that additional good-faith efforts fail to resolve these disputes. Moreover, Cerence's refusal to set deposition dates for these individuals, coupled with its vague and conditional willingness to "revisit" the issue thereafter, imposes an unjustified sequencing requirement that

contravenes the cooperative spirit of discovery. Plaintiffs are entitled to a comprehensive understanding of the factual landscape, including from custodians with direct involvement in the voice biometric product(s) at issue in this case, before being limited to a subset of witnesses pre-selected by Defendant.

Plaintiffs also note that the Parties' interest in timely resolution must be balanced against the Plaintiffs' right to adequate discovery, particularly where Defendant's recent positions have crystallized the need for further action, and where Plaintiffs, as identified in their timely Motion for Extension, identified numerous basis for a short extension of discovery to accommodate a confluence of life events, in addition to the numerous issues identified herein. Plaintiffs remain committed to resolving these issues amicably but will pursue all available remedies, including a motion to compel, if Cerence persists in its refusal to produce these witnesses and comply with its discovery obligations.

## II. STATUS OF RULE 30(B)(6) DEPOSITIONS

### 1. Cerence's Position

Cerence has not received a 30(b)(6) deposition notice or topics.

### 2. Plaintiffs' Position

Plaintiffs anticipate propounding a 30(b)(6) deposition notice in short order, and likely by Friday June 20, 2025.

## III. SEARCH TERMS AND CUSTODIANS

### 1. Cerence's Position

On June 11, 2025, Cerence provided Plaintiffs with information concerning search terms and custodians, also set forth below. Plaintiffs substantively responded and introduced new

issues the evening before this filing. Cerence is reviewing and hopes to be in a position to respond before the June 16, 2025 hearing.

Cerence maintains its position that reopening ESI procedures at this late stage would be unfair, prejudicial to Cerence, and not proportional to the needs of the case. The case has been open for more than two years, and fact discovery has been ongoing since September 2023. Plaintiffs had every opportunity to engage with Cerence on this issue sooner, and they have not suffered any prejudice. Plaintiffs received Cerence's search terms and date range six months ago and didn't raise any concerns with it until Cerence had nearly completed its document review and production. The *first time* that Plaintiffs asked for information about Cerence's custodians was two weeks ago (in court). In the absence of discussions, challenges, or objections, Cerence conducted a good-faith document review and production that cost over $150,000 in vendor fees and costs and, as shown below, was very thorough.

Cerence thus respectfully requests this Court to deny Plaintiffs' request to open and/or reopen these issues. It would be prejudicial to Cerence as it is extremely delayed, especially in light of Judge Kendall's statement in August 2024 that she did not "expect … any extensions of time when [the fact discovery schedule] is this generous." *See* ECF No. 90-1 at 5 (Aug. 6, 2024 Hr'g Tr.). For that reason, Cerence got to work in good faith and conducted a lengthy and expensive document review. To reopen that process now would "add[] to the expense and slows the pace of already notoriously protracted and costly litigation." *See L. Zingerman, D.D.S., P.C. v. Nissan N. Am., Inc.*, No. 14 C 7835, 2016 WL 4206062, at*3 (N.D. Ill. Aug. 10, 2016) (Weisman, J.) ("The Court…must balance that sentiment against the need to resolve controversies in a timely manner and prevent parties from unreasonably sitting on their grievances. Here, the protracted dispute … [of] several months—coupled with Judge Kim's firm

deadline and stated concern regarding Plaintiff's issue of timeliness demonstrate that Plaintiff unreasonably delayed in filing this motion."), n.4 (explaining policy concerns with "forcing large defendant corporations to engage in unnecessary discovery practice"), and citing *Coburn v. Daimlerchrysler Servs. N. Am., L.L.C.*, No. 03 C 759, 2005 WL 8142617, at *2 (N.D. Ill. Apr. 13, 2005) (explaining that the court "tr[ies] to fashion a sensible and fair result under the circumstances presented"), and *DeWindt Corp. v. Scottsdale Ins. Co.*, 110 F. Supp. 2d 700, 702 (N.D. Ill. 2000) ("the way a judge controls the process may have significant economic and personal effects on the litigants").

### A. Search Terms and Date Range

On Wednesday, June 11, Cerence re-sent Plaintiffs the following list of search terms and date range previously sent on December 20, 2024:

1. VB or biometr* or *voicebiometr* or voiceprint*
2. (VB or biometr* or *voicebiometr*) and cloud*
3. (VB or biometr* or *voicebiometr* or voice* or utterance) w/25 ("text-independent" or "text independent" or "text-dependent" or "text dependent")
4. (VB or biometr* or *voicebiometr*) w/25 (Nuance w/10 licens*)
5. (VB or biometr* or *voicebiometr*) w/25 (MB or Mercedes or "Mercedes-Benz" or Daimler or "NTG7")
6. (Identif* or identity or classif* or verif* or authentic* or recogn*) w/25 (user or speaker or voice* or biometr* or word or utterance)
7. BIPA or "Illinois Biometric Information Privacy Act" or "Privacy Act"
8. (Collect* or captur* or stor* or disclos* or transmi* or send*) w/15 (data or biometr* or voice*)
9. (data or biometr* or voice*) w/25 (consent or permit* or permiss* or allow* or accept*)
10. Policy and (data w/25 (collect* or captur* or stor* or disclos* or transmit* or send or sent))
11. (voice* or Biometr* or enroll* or record*) w/10 (passphrase or password or personal* or profile or command*)
12. "Hello ID" or "Hey Mercedes" or "Hello Dragon"
13. Enroll* w/5 (voice* or explicit or implicit)
14. (integrat* or embed*) w/25 (VB or voice* or NVSL or biometr*)

Before finalizing the above list, Cerence also ran searches for "Freshour" and "Allan" and found 0 hits.

Cerence applied the following date range: March 24, 2018 to present.

### B. Custodians and Hit Reports

Cerence also sent Plaintiffs the following information concerning its custodians:

| Custodian | Documents initially collected | Documents collected after de-duplication, removal of NIST files, and removal of file containers | Documents remaining left for review after email threading, removal of "junk files" (logos and blank images), running unique search term hits, applying date range, and keeping families together | Documents produced following manual review by document review team |
|---|---|---|---|---|
| John Cashman | 98,484 | 22,836 | 17,801 | 38 |
| Michael Tropp | 245, 471 | 25,025 | 20,666 | 132 |
| Stefan Hamerich | 584,888 | 79,207 | 46,775 | 574 |
| Roman Steiger | 426,436 | 43,934 | 23,751 | 25 |

Additionally, Cerence reviewed and produced small numbers of "go get" documents from the following custodians:

- Christophe Couvreur (7 produced)
- Holger Scholl (8 produced)
- Jochen Hardegger (4 produced)
- Khaled Anani (0 produced)
- Stefan Sablatnoeg (3 produced)
- Oliver Bender (0 produced)
- Cerence (26 produced)

Even after applying the above procedures and broad search terms, relatively few (817) documents were responsive, largely for three reasons. As Cerence explained to Plaintiffs in its January 31, 2025 Amended Discovery Responses, 1) Cerence offers two distinct products with "Voice Biometric" in the title—one of which was developed by Nuance Communications Inc.

and has been deployed Mercedes-Benz (the "Relevant Voice Product"), and the other which is developed by Cerence but is not currently used in the United States; 2) Cerence licenses the Relevant Voice Product from Nuance Communications Inc.[1] and does not have deep insight into or technical responsibility for the design *or* functioning of the product; and 3) the Relevant Voice Product and its accompanying data is embedded in vehicles with no connection to (or capability to connect to) Cerence's cloud. In other words, the Relevant Voice Product was installed on Plaintiffs' own vehicles, not in Cerence's cloud.

### 2. Plaintiffs' Position

As directed by the Court, Plaintiffs have provided Defendant with additional proposed search terms and asked that Defendant run complete file pulls for certain individuals, both new custodians who appear to have been improperly excluded from defendant's previous searches, as well as certain custodians for whom defendant only produced "go get" documents. Plaintiffs have not yet heard back regarding defendant's position on providing hit reports, or the limited proposed new search terms (five) and custodians, and hope to resolve such issues without Court intervention. To the extent that is not possible, Plaintiffs may be forced to include such issues in a motion to compel where they can provide full analysis under FRCP 26. To this end, Plaintiffs have requested that Defendant run all search terms for the custodial files of:

- Khaled Anani
- Christophe Couvreur
- Jochen Hardegger

Plaintiffs have also requested hit reports for the following custodians:

- Mike Chachich
- Jorge Tsuboyama
- Udo Haiber

---

[1] Cerence was formed as a corporate spin-off from Nuance in 2019, four years before this lawsuit was filed. Cerence began licensing the Nuance voice biometric product then. The two companies currently have no corporate relationship; in fact, Nuance is now a subsidiary of Microsoft Corporation.

- Holger Quast

Plaintiffs have also requested that the following search terms be added to Defendant's list above:

- (NVSL or "Nuance Voice Security Library") & (MB or Mercedes or "Mercedes-Benz" or Daimler)
- Cloud /25 (MB or Mercedes or "Mercedes-Benz" or Daimler)
- (Cloud /25 (voice or speech)) & (MB or Mercedes or "Mercedes-Benz" or Daimler)
- (VB or biometr* or *voicebiometr* or voiceprint*) /25 (transfer OR transmit OR collect OR dissem* or profit or revenue or store)
- (Gen20x or Gen 20x) & VB or biometr* or *voicebiometr* or voiceprint*

As the Court has directed, to the extent a motion to compel is necessary, Plaintiffs will articulate the relevance of the above listed search terms and the proportionality of any additional discovery under Fed. R. Civ. P. 26(b).

Dated: June 13, 2025

Respectfully submitted,

RANDOLPH FRESHOUR and VINCENZO ALLAN, each individually and on behalf of similarly situated individuals

By: /s/ *Brendan Duffner*
One of Plaintiffs' Attorneys

Myles McGuire
Paul T. Geske
David L. Gerbie
Brendan Duffner
Colin Primo Buscarini
MCGUIRE LAW, P.C. (#56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
pgeske@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com
cbuscarini@mcgpc.com

*Counsel for Plaintiffs and the putative class*

CERENCE INC.

By: /s/ Mehgan E. H. Keeley (w/ permission)
One of its attorneys

Matthew C. Wolfe
Amy Y. Cho
Mehgan E. H. Keeley
SHOOK, HARDY & BACON, LLP
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
mwolfe@shb.com
acho@shb.com
mkeeley@shb.com

*Counsel for Defendant Cerence Inc.*

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify that on June 13, 2025, I filed the foregoing *Joint Status Report* with the Clerk of Court using the Court's CM/ECF system, which will cause a copy of said document to be electronically transmitted to all counsel of record.

By: /s/ *Brendan Duffner*