UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDOLPH FRESHOUR and VINCENZO ALLAN, each individually and on behalf of similarly situated individuals, )<br><br>*Plaintiffs*,<br><br>v.<br><br>CERENCE INC., a Delaware Corporation,<br><br>*Defendant*. | No. 1:23-cv-02667<br><br>Hon. Virginia M. Kendall<br><br>Magistrate Judge M. David Weisman |

**PLAINTIFFS' MOTION TO STRIKE AND
EXCLUDE DECLARATION OF JORGE TSUBOYAMA**

Plaintiffs, Randolph Freshour and Vincenzo Allan, by and through their counsel, and pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, respectfully move to strike and exclude the new Declaration of Jorge Tsuboyama. (*See* Dkt. Nos. 201, 203, hereinafter the "Tsuboyama Declaration"). In support of this Motion, Plaintiffs state as follows:

**I.     INTRODUCTION**

Defendant recently filed a motion for summary judgment as to Plaintiff Allan. (Dkt. 207). Defendant's summary judgment motion is founded almost entirely on a new declaration from Jorge Tsuboyama, a witness who Defendant repeatedly refused to produce during merits fact discovery in this matter. Plaintiffs sought both a deposition and documents from Mr. Tsuboyama. And after Defendant would not agree to make Mr. Tsuboyama available, Plaintiffs brought the issue before Judge Weisman. (*See, e.g.*, Dkt Nos. 95, 99, 100).[1] During the course of that dispute, Defendant

---

[1] Plaintiffs intended to notice this Motion before Judge Weisman, but Judge Weisman recently entered an order terminating the referral in this matter. (Dkt. 219).

represented multiple times—in both correspondence and court filings—that Mr. Tsuboyama had no knowledge or information relevant to this case and should not have to sit for a deposition. But now, months after the close of merits fact discovery, Defendant has chosen to introduce Mr. Tsuboyama's testimony as the primary basis, if not sole basis, for its summary judgment motion.[2]

Making matters worse, Defendant attempts to use the Tsuboyama Declaration—after the close of discovery—to contradict facts established through the lengthy record in this case. As stated in its summary judgment motion, Defendant relies on the Tsuboyama Declaration to argue that it did not start providing cloud-based voice biometric recognition services for Mercedes-Benz vehicles in the U.S. until the end of 2023, after Plaintiff Allan no longer owned his Mercedes-Benz vehicles. So, according to Defendant, it could not have obtained Plaintiff Allan's voice biometric data on its cloud servers.

However, other testimony from Defendant's witnesses, including its Director of Sales Engineering, Michael Tropp, shows that Defendant (or its predecessor) *did* provide cloud-based voice biometric recognition services to Mercedes-Benz between 2018 and 2021, over the period that Plaintiff Allan owned his Mercedes-Benz vehicles. Defendant fails to explain this discrepancy in its summary judgment motion. And Defendant made no effort to limit or modify Mr. Tropp's testimony during his deposition. Indeed, Defendant's counsel did not ask Mr. Tropp even a single question.

Defendant's introduction of the Tsuboyama Declaration at this late stage is nothing more than an untimely attempt to take back prior, damaging testimony. Defendant could have chosen to move for summary judgment and opposed Plaintiffs' motion for class certification based on facts that were already in the record. Instead, Defendant attempts to shoehorn new, dubious facts into

---

[2] Defendant also argues, in opposition to Plaintiffs' motion for class certification, that Plaintiff Allan is an unsuitable class representative because his claims are purportedly subject to summary judgment.

the record to manufacture a basis for summary judgment as to Plaintiff Allan. And this is after Defendant actively prevented Plaintiffs from deposing Mr. Tsuboyama or obtaining documents from him during discovery. Defendant's gamesmanship is contrary to Rules 26(a), 26(e), and 37(c) and cannot be allowed.

Litigation is adversarial, but it is not a game of gotcha. Defendant's prior refusal to allow discovery as to Mr. Tsuboyama is unjustified, and its present attempt to rely on Mr. Tsuboyama now, after the close of discovery and after repeatedly denying that he had any relevant knowledge, is harmful and unduly prejudicial. Accordingly, Mr. Tsuboyama's testimony must be excluded pursuant to Rule 37(c), and the Tsuboyama Declaration should be stricken.

## II. BACKGROUND

### A. Brief Factual Background.

Defendant Cerence, Inc. is a provider of voice and speech recognition technology for consumer automobiles. (Dkt. 63 ¶ 1). Specifically, Defendant's technology powers the voice assistant and voice biometric software in many Mercedes-Benz vehicles sold in recent years. (*Id.* ¶¶ 23, 40). This technology "listen[s] to almost every word and understand[s] practically any sentence" spoken by drivers and passengers in order to carry out tasks "relating to infotainment sector and vehicle operation," such as playing music, finding destinations, or adjusting seats and climate control settings. (*Id.* ¶ 1).

Importantly, Defendant's embedded software located in the infotainment system of the vehicle does not and cannot handle all voice commands, so some of these requests are sent to Defendant's cloud to be processed. (*Id.* ¶ 35-37) ("Cerence-powered technology includes '[i]ntegration of embedded and cloud speech for quick and accurate interaction with the assistant, even in areas of low connectivity.'"). As such, Defendant's "product systems are designed to

3

seamlessly shift data and compute resources between the cloud and computer systems that are onboard vehicles[.]" (*Id.* ¶ 35). Defendant uses the voice biometric information and other data derived from users' voice commands to respond to commands and to improve its technology's ability to recognize voices and speech. (*Id.* ¶ 37). Plaintiffs claim that when a voice request is transmitted to Defendant's cloud servers, Defendant obtains voice data including the users' "voice print" in violation of Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. Accordingly, merits fact discovery in this matter has focused on Defendant's cloud-based technology and what voice data is stored in its cloud servers.

**B.     Relevant Procedural History.**

Defendant never disclosed Mr. Tsuboyama as a potential witness, either in its Rule 26(a) initial disclosures or through any supplemental disclosures. Nonetheless, Plaintiffs' counsel identified him as a potential deponent following their review of Defendant's document production.

The Parties began oral discovery in April 2025, and on May 22, 2025, Plaintiffs' counsel emailed Defendant's counsel requesting Mr. Tsuboyama's availability for a deposition. (Excerpts of Email Correspondence at 6-7, attached hereto as Exhibit 1). After exchanging additional emails about scheduling and the total number of depositions, Defendant's counsel responded that they would "look into the five individuals listed below [including Mr. Tsuboyama] and try to get back to you this week." (*Id.* at 1); (June 4, 2025 Joint Status Report, Dkt. 95 at 4) ("Cerence is uncertain that all five of those witnesses [identified by Plaintiffs] will have knowledge about this case, but is investigating . . . .").

On June 13, 2025 the Parties submitted a Joint Status Report before Judge Weisman on the status of deposition scheduling. (Dkt. 99). In that Report, Defendant indicated that it would not agree to produce Mr. Tsuboyama for a deposition because he purportedly did not have any

4

"relevant knowledge that would be distinct from already-scheduled witnesses." (Dkt. 99 at 3). Defendant further asserted that, because Mr. Tsuboyama was Defendant's "manager of cloud services," he lacked relevant knowledge concerning the Nuance Voice Security Library ("NVSL") product, which Defendant asserted was the only component of its voice recognition technology at issue. (Dkt. 99 at 3). Defendant's position—attempting to limit Plaintiffs' ability to obtain discovery to only the products that Defendant unilaterally decided were relevant to the case—was ultimately rejected by Judge Weisman in ruling on the Rule 30(b)(6) topics for Defendant's deposition (Dkt. 123) (allowing Plaintiffs to question Defendant's witnesses about cloud-based technology) and in granting Plaintiffs' Motion to Compel. (Dkt. 156) (ordering Defendant to produce samples of voice data stored on Defendant's cloud servers). Defendant nevertheless never agreed to produce Mr. Tsuboyama.

The Parties' June 13, 2025 Joint Status Report also addressed Defendant's search for relevant documents and the search terms and custodians it used to conduct its search. (Dkt. 99 at 8-10). Notably, Defendant revealed that it had not designated Mr. Tsuboyama as a custodian or searched his custodial file for relevant information, even though Plaintiffs requested a search for relevant ESI and a hit report for potentially relevant documents from Mr. Tsuboyama. (*Id.* at 8-9).

On June 16, 2025, the Parties appeared before Judge Weisman for a status hearing, where they addressed the topics in the June 13, 2025 Joint Status Report. (Dkt. 100). Following the hearing, Judge Weisman entered an order specifically addressing Mr. Tsuboyama and directing Defendant to conduct a "go-get" inquiry for relevant documents from him and other individuals. (*Id.*). Defendant later reported that Mr. Tsuboyama "does not have any documents in his possession that relate to the Nuance Voice Biometric product." (July 7, 2025 Joint Status Report, Dkt. 109, at 5). Once again, Defendant unilaterally limited the scope of inquiry to only the technology it defined

5

as "Voice Biometric," even though Defendant knew that Plaintiffs were seeking information concerning Defendant's cloud-based voice recognition technology, (*id.* at 2-3).

As discovery continued, Defendant never supplemented its prior disclosures or discovery responses to include Mr. Tsuboyama or to identify information in his custodial file. Even as Defendant's other witnesses provided testimony as to Defendant's cloud services—including testimony that contradict the new assertions in Tsuboyama's Declaration—Defendant took no action. Defendant now relies on Mr. Tsuboyama's newly submitted declaration in both its Opposition to Plaintiffs' Motion for Class Certification and in support of its own Motion for Summary Judgement. (Dkt. 201 at Ex. 5; Dkt. 203 at Ex 4).

In sum, Defendant repeatedly refused to produce Mr. Tsuboyama and asserted that he lacked relevant knowledge, even though it now relies on new testimony from him months after the close of merits fact discovery.

### III. **LEGAL STANDARD**

Under Federal Rule 26(a), parties "must, without awaiting a discovery request, provide to the other parties . . . the name . . . of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 also states that a party "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A).

Federal Rule 37 authorizes courts to issue sanctions for noncompliance with the rules of discovery. *Smith v. City of Chi.*, No. 15-cv-03467, 2019 WL 4825232, at *6 (N.D. Ill. Oct. 1, 2019). Rule 37(c) provides the framework for barring witnesses and information that a party fails to properly disclose: "If a party fails to provide information or identify a witness as required by

6

Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Seventh Circuit has stated that "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Karum Holdings LLC v. Loew's Cos., Inc.*, 895 F.3d 944, 951 (7th Cir. 2018) (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)).

The Seventh Circuit has articulated four factors that guide district courts in ruling on a Rule 37(c) motion. Those factors are: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Uncommon, LLC v. Spigen, Inc.,* 926 F.3d 409, 417 (7th Cir. 2019) (citations omitted). Not all factors need be met, and preclusion of evidence is automatic if the violation is unjustified and harms the opposing party. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996); *Only The First, Ltd. v. Seiko Epson Corp.*, 822 F. Supp. 2d 767, 778 (N.D. Ill. 2011).

### III. ARGUMENT

#### A. The Tsuboyama Declaration Must Be Excluded Because Defendant Failed To Identify Him As A Witness And Refused To Make Him Available For Discovery.

Not only did Defendant fail to disclose Mr. Tsuboyama as a witness, Defendant also repeatedly stated that he had no relevant testimony and refused to allow him to be subject to any oral or written discovery. Defendant's sudden about-face and its attempt to rely on Mr. Tsuboyama's testimony at this late stage is neither substantially justified nor harmless. Under Rule 37(c), Mr. Tsuboyama's testimony must be barred.

1. **Permitting Defendant to use the Tsuboyama Declaration unduly prejudices and unfairly surprises Plaintiffs.**

The first factor, whether Defendant's untimely disclosure unfairly prejudices or surprises Plaintiffs, weighs heavily in favor of excluding the Tsuboyama Declaration. Defendant has attached the Tsuboyama Declaration to both its opposition to Plaintiffs' motion for class certification and its motion for summary judgment as to Plaintiff Allan. Indeed, the Tsuboyama Declaration forms the entire basis for Defendant's summary judgment motion.

Defendant's attempt to use Mr. Tsuboyama's testimony for two critical, if not dispositive, motions comes as a complete surprise. Mr. Tsuboyama was not disclosed anywhere in Defendant's Rule 26(a) disclosures or its written discovery responses. Moreover, Defendant repeatedly misrepresented that Mr. Tsuboyama lacked any knowledge or information relevant to the technology in this case. As a result, Plaintiffs never had the opportunity to depose Mr. Tsuboyama despite repeated requests. Nor did Defendant conduct an ESI search with Mr. Tsuboyama as a custodian or produce any relevant documents from his custodial file. And even after Plaintiffs identified Mr. Tsuboyama as potentially having relevant information and brought it to the attention of Judge Wiesman, Defendants maintained their position that Mr. Tsuboyama did not have any "relevant knowledge that would be distinct from already-scheduled witnesses." (Dkt. 99 at 3). Given Defendant's prior conduct during discovery, Defendant's attempt to introduce and rely upon Mr. Tsuboyama as a case-dispositive witness at this late stage is incredibly surprising to say the least.

There is no excuse for Defendant's failure to disclose Mr. Tsuboyama and produce him as a witness earlier. Mr. Tsuboyama is well known to Defendant; he has worked at Cerence (or its predecessor) since 2013. (Tsuboyama Dec. ¶ 2). And throughout the course of merits fact discovery, Defendant became well aware that Plaintiffs' claims implicated Defendant's cloud-

8

based voice and speech recognition technology. Defendant had every opportunity to properly identify Mr. Tsuboyama as an individual with relevant knowledge or to supplement its prior disclosures. "Complying [with Rule 26(e)] should be a priority—not something brushed off as tedious or unimportant . . . . Parties who do not attend diligently to their obligation to supplement initial disclosures proceed at their own peril." *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 766 (7th Cir. 2020).

Accordingly, Defendant's untimely use of Mr. Tsuboyama as a declarant now, well after the close of a lengthy merits fact discovery period, is not "justified" at all—let alone "substantially" so. Fed. R. Civ. P. 37(c). It is both unfairly surprising to Plaintiffs and unduly prejudicial, and therefore requires the exclusion of Mr. Tsuboyama's testimony entirely.

### 2. Defendant cannot cure its failure to disclose Mr. Tsuboyama without causing further prejudice and unduly delaying this matter.

As to the second and third factors, there is no way for Defendant to cure its nondisclosure given the late stage of proceedings without causing significant disruption. Merits fact discovery closed nearly three months ago on September 24, 2025. (Dkt. 124). Curing Defendant's non-disclosure would not only require significant new discovery, but also reopening prior oral and written fact discovery that the Parties have already completed. At a minimum, the Parties would need to depose Mr. Tsuboyama, who lives in Canada, and Defendant would need to conduct an ESI search of Mr. Tsuboyama's custodial file for relevant documents, after which the Parties would need time to review and analyze the production.

Moreover, Plaintiffs would need to re-depose the Cerence witnesses whose testimony is contrary to the assertions in the Tsuboyama Declaration. These witnesses include Mr. Tropp, whose testimony contradicts Mr. Tsuboyama's statements concerning the time period over which Defendant provided cloud-based voice and speech recognition services for Mercedes-Benz

9

vehicles.[3] Mr. Tropp lives in Germany and cannot be deposed remotely. Accordingly, Mr. Tropp, and potentially other German witnesses as well, would also have to be flown to the U.S. to sit for a deposition. All of this will lead to substantial additional costs to the Parties and their counsel, and unduly delay resolution of Plaintiffs' pending class certification motion, Plaintiffs' own summary judgment motion, and ultimately the setting of a trial date in this matter. *See Karum Holdings*, 895 F.3d 952 (affirming district court's decision to exclude witness who wasn't disclosed as an expert where curing the nondisclosure would require re-deposing the witness, "obtain[ing] additional discovery regarding his qualifications and opinions," and additional briefing on dispositive motions).

Due to the stage of proceedings and the difficulty of deposing witnesses located outside the country, Plaintiffs cannot reasonably cross examine Mr. Tsuboyama or re-depose Mr. Tropp. Therefore, Defendants' nondisclosure is not curable.

### 3. Defendant's late introduction of Mr. Tsuboyama's Declaration after denying that he had any relevant knowledge demonstrates bad faith.

As to the fourth factor, Defendant's reliance on the Tsuboyama Declaration—after affirmatively and repeatedly stating that he had no relevant information—demonstrates bad faith. Plaintiffs repeatedly requested that Defendant produce Mr. Tsuboyama for a deposition, and Defendant refused. (Dkt. 99). Judge Weisman relied on Defendant's misrepresentations in declining to order Defendant to produce Mr. Tsuboyama.

Plaintiffs also asked that Mr. Tsuboyama be designated as a custodian for an ESI search. Judge Weisman ordered Defendant to conduct a "go-get" inquiry for relevant documents, given that it was "too late in the case" for other discovery. (Dkt. 100). Defendant evasively and self-

---

[3] While Mr. Tsuboyama asserts that Defendant began providing cloud-based services for Mercedes-Benz vehicles in the U.S. in 2023, Mr. Tropp testified that Defendant provided those same services beginning as early as 2017 or 2018 and continuing through 2021.

10

servingly chose to limit its inquiry to just the NVSL product, even though Plaintiffs' claims encompass Defendant's cloud-based voice recognition technology and the voice data sent to its cloud servers. *Musser*, 356 F.3d at 758 ("A misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline.").

Even if Defendant could be excused for failing to disclose Mr. Tsuboyama as a witness at the outset of this case, there is no justification for Defendant's failure to supplement its disclosures and produce Mr. Tsuboyama when Judge Weisman issued multiple rulings holding that Defendant's cloud-based technology and the voice data it stores in the cloud are relevant to Plaintiffs' claims. (Dkt. Nos. 123, 156). If there was any time for Defendant to come clean and supplement its prior position, that was the time.

Yet, in addition to refusing to produce Mr. Tsuboyama or designate him as an ESI custodian, Defendant made no attempt to supplement its Rule 26(a)(1) disclosures despite its obligations under Rule 26(e). Defendant thus deprived Plaintiffs of the opportunity to depose, cross examine, and receive documents from Mr. Tsubomaya as would be expected of a timely disclosed witness. Defendant's incomplete disclosure at the outset of this litigation and its failure to supplement prior to the expiration of the fact discovery deadline, despite numerous opportunities to do so, is the very type of abuse that Rule 37 is intended to prevent. Accordingly, the fourth factor, like the those before it, also weighs in favor of striking the Tsuboyama Declaration and the exclusion of his testimony.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order: 1) granting this Motion; 2) striking the Tsuboyama Declaration; 3) excluding Mr. Tsuboyama's

testimony as a discovery sanction; and 4) granting such further and other relief the Court deems reasonable and just.

Dated: December 19, 2025            Respectfully submitted,

RANDOLPH FRESHOUR and VINCENZO ALLAN, each individually and on behalf of similarly situated individuals,

By: /s/ *Paul T. Geske*
One of Plaintiffs' Attorneys

Paul T. Geske
David L. Gerbie
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
pgeske@mcgpc.com
dgerbie@mcgpc.com
bduffner@mcgpc.com

*Counsel for Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that, on December 19, 2025, I caused the foregoing *Plaintiffs' Motion to Strike and Exclude Declaration of Jorge Tsuboyama* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record:

                                                                         /s/ *Paul T. Geske*