IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDOLPH FRESHOUR and VINCENZO ALLAN, each individually and on behalf of similarly situated individuals, ) ) ) ) | |
| Plaintiffs, ) ) | Case No.: 1:23-cv-02667 |
| v. ) ) | Hon. Virginia M. Kendall |
| CERENCE INC., a Delaware corporation, ) ) | Magistrate Judge Hon. M. David Weisman |
| Defendant. ) ) ) | |

**CERENCE INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO STRIKE AND EXCLUDE DECLARATION OF JORGE TSUBOYAMA**

In their Motion, Plaintiffs try to keep out bad evidence by blatantly mischaracterizing the parties' discussions about Mr. Tsuboyama and omitting crucial facts from those discussions. Mr. Tsuboyama's declaration demonstrates that one of the named Plaintiffs did not use the technology at issue during the relevant time period (specifically, when Cerence, and not third-party SoundHound, provided the cloud services for MBUX-equipped vehicles in the United States). Plaintiffs concede that this fact is highly relevant to the case, but seek to avoid it by claiming discovery "prejudice."

Plaintiffs created the "prejudice" described in their Motion. They claim they were deprived of the opportunity to depose Mr. Tsuboyama, but they weren't. In truth, last summer the Court instructed them to "do what you need to do" to go forward with the deposition of Mr. Tsuboyama, who lives in Canada. Plaintiffs never noticed Mr. Tsuboyama's deposition and did not ask a single question about him or the MBUX cloud services timeline at Cerence's 30(b)(6) deposition. Plaintiffs plainly believed that the MBUX cloud services timeline was relevant and that Mr. Tsuboyama may have relevant knowledge, but chose not to ask basic questions about it of

Cerence's 30(b)(6) witness or pursue the deposition of Mr. Tsuboyama. That is Plaintiffs' problem of their own making.

Accordingly, Plaintiffs' Motion should be denied. Plaintiffs created their own claimed "prejudice" through their own discovery choices and tactics. Additionally, Plaintiffs' demand for sanctions is inappropriate and unwarranted; Cerence's representations in discovery were (and still are) true, Plaintiffs created the issues they are complaining about, and Plaintiffs have refused, without any explanation, Cerence's offer to solve Plaintiffs' purported problem through a limited deposition of Mr. Tsuboyama about his declaration.

## ARGUMENT

I. **Cerence conducted discovery in good faith, and Plaintiffs created the alleged "prejudice" they argue they are suffering.**

The Declaration that Plaintiffs seek to exclude presents evidence that one of the named plaintiffs did not use the technology at issue when Cerence—and not SoundHound—provided cloud services to MBUX-equipped vehicles. This is critical to the case, because, at a minimum, to prove their BIPA claims, Plaintiffs must show that Cerence's cloud database had access to the named plaintiffs' alleged biometric data. *See* 750 ILCS 14/15(b), (d) (requiring a showing that defendant "collect[ed]," "capture[d]," or "possess[ed]" a plaintiff's biometric identifier or biometric information).

  A. **Plaintiffs were not deprived of the opportunity to take Mr. Tsuboyama's deposition.**

Cerence did not deprive Plaintiffs of an opportunity to depose Mr. Tsuboyama during fact discovery. Rather, Plaintiffs chose to abandon him as a potential deponent. In the Motion, Plaintiffs mischaracterize the parties' discussions and the many hearings held before the Court last summer. To recap, in June 2025, Cerence agreed to produce three witnesses for depositions (including two that Cerence voluntarily flew to the United States from Germany) that it identified as having the

2

most knowledge about the case, which at that time Cerence understood to be focused on the NVSL Voice Biometric product. *See e.g.*, Dkts. 96, 99. In response, Plaintiffs asked for available dates for an additional five witnesses—including Mr. Tsuboyama—most of whom live in other countries. *See* Dkt. 99 at 2-4. After conducting a good-faith fact investigation into each individual, Cerence informed Plaintiffs that "[g]iven these individuals' lack of relevance and/or burden of travel, Cerence does not think it is appropriate to set dates for their depositions before the already-scheduled witnesses are deposed." *See id.* As for Mr. Tsuboyama, Cerence explained that he manages Cerence's cloud services, which has never been connected to the NVSL Voice Biometric product, and that Mr. Tsuboyama thus had no unique knowledge about the NVSL Voice Biometric product. *See id.* at 3. That is still true.

Then, after Plaintiffs raised their desire to depose Mr. Tsuboyama and others in a status report, the Court (Magistrate Judge Weisman) acknowledged that no motion to compel was pending and instructed Plaintiffs to "start doing what you need to do to take" the depositions for which Cerence did not voluntarily offer to fly in foreign witnesses, explicitly adding that "Mr. Tsuboyama is in Canada … do whatever you need to do." Ex. 1, June 16, 2025 Hr'g Tr. at 9-12 ("this facade that [Cerence] ha[s] done something wrong or that they have not cooperated has got to end"). **From that point forward, Plaintiffs never took any steps to depose Mr. Tsuboyama.**

In July and August, Plaintiffs proceeded with the three scheduled depositions of Cerence witnesses. At Michael Tropp's deposition, Plaintiffs briefly asked Mr. Tropp about the timeline of Cerence's provision of cloud services for Mercedes-Benz. *See* Dkt. 201, Ex. 2 thereto, Tropp. Dep. Tr. at 34-42. Mr. Tropp's testimony was inconclusive. He testified that he was uncertain about exact dates, and that he was not "involved in the cloud contracts" at all relevant times. *Id.* At Stefan Hamerich's deposition, Plaintiffs did not ask about the cloud services timeline. The 30(b)(6)

3

deposition proceeded several weeks later. The parties had numerous disputes over the 30(b)(6) topics for Cerence's corporate witness, John Cashman, and the Court ruled that a number of topics proposed by Plaintiffs, *including topics covering the cloud services timeline*, were fair game. *See generally,* Dkt. 123; Ex. 2, Amended Notice of 30(b)(6) Deposition of Cerence, at Topic 4 ("Your use of cloud storage or cloud computing services for data storage or data processing of Mercedes-Benz End User Voice Data or Biometric Data for Cerence Voice Technology in Mercedes-Benz vehicles during the Relevant Time Period.")

Remarkably, when Plaintiffs' counsel took the 30(b)(6) deposition, however, they did not ask any questions about the MBUX cloud timeline (despite not previously getting a clear answer about it from Mr. Tropp or anyone else). Fact discovery proceeded, and Plaintiffs chose not to notice or even inquire about any other Cerence deponents, including Mr. Tsuboyama, before fact discovery officially closed in November 2025. Dkt. 173. **Plaintiffs cannot be prejudiced or deprived of the opportunity to take a deposition that they never even noticed.** *See* FED. R. CIV. P. 30(b)(1) (requiring proper notice); *Evans v. Griffin*, 932 F.3d 1043, 1046-47 (7th Cir. 2019) (reversing order of sanctions for party that refused to testify at deposition that was not properly noticed); *see also Holmes v. Inmar Brand Solutions, Inc.*, 2024 WL 3627191, at *3 (C.D. Ill. Aug. 1, 2024) (denying motion to compel deposition that Plaintiff asked for on phone call but never noticed, explaining that "[i]t was Plaintiff's obligation to notice [the] deposition, which Plaintiff failed to do during the original discovery period and failed to do after the Court granted a final extension. Without a timely notice, there is nothing for the Court to enforce."); *Firestone v. Hawker Beechcraft Int'l ServiceCo.*, No. 10-1404-JWL, 2012 WL 359877, at *3 n.23 (D. Kan. Feb. 2, 2012) (denying motion to compel deposition that movant never noticed because "it cannot be seriously argued that one lawyer telling another" via emails "expressing a desire to depose" a witness constitutes a "'service of a notice' of that deposition"); *Exec. Mgt. Servs., Inc. v. Fifth*

4

*Third Bank*, No. 1:13–cv–00582–WTL–MJD, 2014 WL 5529895, at *13 (S.D. Ind. Nov. 3, 2014) (denying motion to compel deposition where the movant "merely proposed noticing [the] deposition, rather than actually serving the notice," and collecting cases ruling similarly).

Plaintiffs acknowledged that Cerence's cloud services timeline was a critical, and open, issue in their Motion for Class Certification, which they filed in October 2025 before the close of fact discovery. Specifically, Plaintiffs expressly excluded from the proposed class anyone "whose entire period of ownership, lease, or use of the MBUX Voice Assistant falls within the time period when Mercedes-Benz partnered with SoundHound for cloudbased voice assistant services." Dkt. 167. If Plaintiffs had wished to further pursue that issue, they could have pursued discovery on it. It was their burden—not Cerence's—to do so. *See Sullivan v. Flora, Inc.*, 63 F. 4th 1130, 1139-40 (7th Cir. 2023) (affirming district court's refusal to re-open discovery issue because, "[f]or whatever reason, [the Appellant] simply decided not to pursue discovery on the issue, despite having both the opportunity and motivation to do so"); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 340 (N.D. Ill. 2005) (denying plaintiffs' motion to compel discovery that plaintiffs did not further pursue after defendants initially declined it because "plaintiffs were aware that they were not going to get [such discovery] … Thus, at any time over the eight-month period, the plaintiffs could have filed a [motion to compel]" and "whatever prejudice [plaintiffs] suffered was the result of their own inaction"); *Mims v. City of Chicago*, No. 18 C 7192, 2021 WL 5006649, at *3 (N.D. Ill. Oct. 28, 2021) (denying defendants' motion to reopen discovery because of "defendants' failure to compromise in good faith, defendants' long knowledge of the witness … the multiple extensions, and the long period of discovery"). Instead, Plaintiffs—perhaps intentionally—left unanswered a critical question that they knew was relevant.

Accordingly, because Plaintiffs failed to ask the right witnesses the right questions about the cloud services timeline, Cerence closed the issue through the Tsuboyama Declaration.

B.     **The request for sanctions should be denied.**

Plaintiffs' request for sanctions is inappropriate because, as discussed above, Plaintiffs had the opportunity but chose not to depose Mr. Tsuboyama. Their regret in not further pursuing Mr. Tsuboyama for a deposition—and refusal to resolve (or even confer about) their Motion in response to Cerence's proposal for a limited deposition—is not a justifiable basis to ask the Court for sanctions and as a weapon to exclude "bad" evidence.

Making matters worse, Plaintiffs have refused Cerence's effort to resolve or meet and confer about their Motion to try and reach a compromise. For context, Cerence first reached out to Plaintiffs' counsel on December 21, 2025, just two days after Plaintiffs filed their Motion, informing Plaintiffs that Cerence disagrees with the statements in the Motion but, in the interest of compromise, offered to produce Mr. Tsuboyama for a limited 3-hour deposition on the statements set forth in his declaration. Ex. 3, Keeley Email to Geske, 12/21/25. Cerence followed up about its proposal on January 2, 2026. *Id.*, Keeley Email to Geske, 1/2/26. Not only did Plaintiffs' counsel continue to respond to other emails from Cerence about separate issues, but more than two weeks later, on January 7, 2026, they went on to file the same motion in state court. Only after filing that motion, Plaintiffs finally responded to Cerence's proposal on January 9, 2026, refusing the offer without any explanation, counterproposal, or willingness to discuss or confer about it. Ex. 3, Geske Email to Keeley, 1/9/26.

Rather than taking the opportunity to depose Mr. Tsuboyama—the discovery which they now claim they were deprived of—Plaintiffs argue that they were "prejudiced" by not getting the chance to explore the evidence. That couldn't be further from the truth. Plaintiffs' argument indicates that they are not using their Motion to promote fairness or compliance with the discovery rules (as they claim), but as an attempt to keep out harmful evidence. They have no legal basis for doing so, and that is not what the federal discovery rules were designed for.

Local Rule 37.2 requires parties to meet and confer on discovery-related issues before dragging the Court into motion practice. L.R. 37.2. Not only did Plaintiffs fail to do that, but they refused to respond to Cerence's proposal or to make any attempt to confer about the Motion after it was filed. *See Mims*, 2021 WL 5006649, at *2 (emphasizing that "it would [have] behoove[d] [the parties] to work something out amicably rather than impose their problems on the court after the discovery deadline," praising plaintiffs' offer of a deposition as "an excellent, time-saving and judicial resource-saving compromise," and criticizing defendants because they "weren't interested in compromise"). This is the second time Plaintiffs have sought discovery sanctions in this case without a proper basis for doing so and without appropriately conferring or attempting to resolve their concerns with the other side. *See* Ex. 4, Aug. 13, 2025 Hr'g Tr. at 6:23-11:13; 14:18-15:8 ("completely perplexed by [Plaintiffs'] position that somehow [the third party] has done something sanctionable" and creation of "issues that simply don't exist").

Parties may not use Rule 37 as a tactical tool to keep out evidence they don't like. The rule is meant to safeguard against "parties or persons unjustifiably resisting discovery" in violation of the rules. Advisory Committee Notes on 1970 Amendment. That is not the case here. There is zero evidence of prejudice to Plaintiffs, and the record is clear that Cerence has only engaged in the discovery process in good faith. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 856-57 (7th Cir. 2003) (citing Fed. R. Civ. P 37(c)(1)) (affirming district court's decision not to exclude witness testimony because the movant was not prejudiced by the potential discovery violation and there was no evidence of bad faith). Moreover, Rule 37(d) allows sanctions for the failure of a party to appear for a deposition *after proper notice has been served*—which, again, Plaintiffs never did. *See* Fed. R. Civ. P. 37(d). Cerence has not committed any discovery violation here, and Plaintiffs point to no evidence of bad faith on Cerence's part. There was none.

## CONCLUSION

Plaintiffs—not Cerence—created the "prejudice" they now claim to be suffering. They had every opportunity to conduct discovery on the evidence contained in the Tsuboyama Declaration before the close of fact discovery, and they have refused to respond to Cerence's offers to produce Mr. Tsuboyama for a deposition on those issues. For these reasons, Plaintiffs' Motion should be denied in its entirety.

Dated: January 16, 2026

Respectfully submitted,

CERENCE INC.

By:    /s/ *Mehgan E. H. Keeley*

Matthew C. Wolfe
Amy Y. Cho
Mehgan E. H. Keeley
Samuel G. Bernstein
Elise N. Malin
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
(312) 704-7700
mwolfe@shb.com
acho@shb.com
mkeeley@shb.com
sbernstein@shb.com
emalin@shb.com

***Attorneys for Defendant Cerence Inc.***

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies and states that, on **January 16, 2026**, she caused a true and correct copy of **CERENCE INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND EXCLUDE DECLARATION OF JORGE TSUBOYAMA** to be electronically filed with the Court via the Court's CM/ECF system, which will serve notice of filing on all counsel of record.

    /s/ *Mehgan E. H. Keeley*